GAGE COUNTY, APPELLANT, V. W. W. WRIGHT ET AL., APPELLEES.

FILED MARCH 28, 1910. No. 15,955.

1. Counties: OFFICERS: ASSISTANTS: COMPENSATION. By the provisions of chapter 35, laws 1901, county boards of counties having more than 25,000 and less than 60,000 inhabitants were given the power to authorize the county treasurer to employ three assistants or clerks, and retain out of the fees of his office, if they should reach that amount, the sum of $2,400 a year for the payment of their salaries.

2. ——: ——: ——: ——. In January, 1905, the county board of Gage county, that being a county having more than 25,000 and less than 60,000 inhabitants, authorized the county treasurer to employ three clerks or assistants to enable him to properly conduct the affairs of his office, with combined salaries amounting to $2,400. The legislature of that year, by an amendment to the act of 1901, provided that county boards of such counties shall furnish the treasurer with one deputy or chief clerk with a salary of $1,400; one clerk whose salary shall be $1,000, and one clerk whose salary shall be $600 per annum. The treasurer retained the clerks theretofore authorized by the board, and paid them for the remainder of the year the increased compensation provided by the amendment. *Held*, That the county cannot recover of the treasurer or upon his bond the amount of such increased compensation.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*F. O. McGirr* and *Menzo W. Terry*, for appellant.

*Sackett & Brewster, contra.*

BARNES, J.

This appeal and *Gage County v. Wright*, p. 436, *post*, which we have just decided, are companion cases, and differ in law and fact upon one proposition only. This action was brought to recover from the defendants the sum of $2,200, money alleged to have been unlawfully retained by defendant Wright as treasurer of Gage county for the payment of clerk hire. The county had judgment in the district court for $261.75, and, being dissatisfied with the amount of the recovery, has brought the case here by appeal.

It appears that defendant Wright was the treasurer of Gage county for a second term of two years, ending on the 4th day of January, 1906; that for the first year of his said term the county board duly allowed him to employ one deputy or chief clerk, with compensation at the sum of $1,200 per annum; one clerk at a salary of $1,000 per annum, and one additional clerk at a salary of $200, making a total of $2,400. This it appears was the amount retained by the treasurer and actually paid out by him for necessary deputy or clerk hire. It also appears that in his annual settlement with the county board his action in that behalf was approved and ratified. As was held in *Gage County v. Wright, supra,* this was authorized by the county and by the statute, and none of this money can be recovered by the plaintiff. It further appears that in January, 1905, the county board of Gage county allowed the treasurer to employ three clerks, one at $1,200 a year, one at $1,000 a year, and another for four months at $50 a month. The defendant treasurer employed the two clerks first named at the salaries above stated for the first quarter of the year, and paid them their salaries amounting to $300 and $250, respectively. The legislature of 1905 amended the law at that session by inserting some

more definite provisions. Among the others so inserted is a provision that "in counties having over 25,000 and less than 60,000 inhabitants the county treasurer shall receive the sum of three thousand ($3,000) dollars per annum, and shall be furnished by the county board with the following clerks or assistants: One deputy or chief clerk whose salary shall be fourteen hundred ($1,400) dollars; one clerk whose salary shall be one thousand ($1,000) dollars, and one clerk whose salary shall be six hundred ($600) dollars per annum." Laws 1905, ch. 72, sec. 1. By the amendment the amount to be expended for clerks to the county treasurers in counties of this class was increased to $3,000. Upon the taking effect of this amendment the treasurer continued the employment of the clerks above mentioned, and for the remaining three quarters of that year retained out of the fees of his office and paid to the deputy a sum which added to what was paid him for the first quarter amounted to $1,400. This it seems was $50 more than he was entitled to. He also paid the other clerk $1,000 for the year, which was the amount of compensation to which that clerk was entitled. In the last three quarters of the year the defendant also employed two other clerks, to one of whom he paid $425, and to the other $175. The first of these clerks was authorized by the county board, while the other was not. Under the law the defendant might have paid to the first clerk $450, but it appears that he only paid him $425, so, as found by the district court, the defendant owed nothing to the county on account of said clerk. The district court also found that the other clerk, not having been authorized by the county board, was not entitled to anything out of the county funds, and that the defendant treasurer exceeded his authority in paying him the $175. The district court also found that the treasurer acted in good faith in hiring the clerk to whom he paid $175, and that such employment was necessary in order to properly prepare the delinquent tax list for a scavenger foreclosure suit, but that, the law having made no provision for the

payment of such extra clerk, the treasurer was not entitled to retain the $175 paid for his work. It therefore appears that there was due the county at the close of the treasurer's second term of office $225, which, with the interest due thereon at the time of the trial, amounted to $261.75, which was the exact sum for which the plaintiff had judgment.

It is contended by the plaintiff that the amendment of 1905 fixing the salaries of clerks for the county treasurer at a definite sum did not authorize the defendant Wright to pay his clerks for the last three quarters of that year the increased salaries provided by law, and this is the only difference between the instant case and *Gage County v. Wright, supra*.

It is argued that, the county board not having authorized the employment of clerks after the amendment above quoted went into effect at the salaries named therein, the treasurer was without authority to pay the increased compensation. This view does not meet with our approval. The county board had, by proper resolution, authorized the treasurer to employ three clerks for that year, and that order, not having been rescinded, was sufficient authority for him to continue them in the service after the adoption of the amendment which, when it took effect, fixed their compensation for the remainder of the current year.

It is contended, however, that the amendment is in conflict with that portion of the statute which provides that "neither of the officers above named shall have any deputy or assistants unless the county board shall, upon application, have found the same necessary; and the county board shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive (Comp. St. 1905, ch. 28, sec. 42)"; and it is insisted that the amendment must give way to this proviso. We are not required to determine that question in disposing of this case, for it clearly appears that the board at the proper time, and

by suitable resolution, prescribed the number of clerks which the treasurer could employ for the last year of his incumbency.   It also appears that such clerks were necessary to enable him to transact the business of his office; that they were actually paid the compensation allowed them by law, and the amount retained by the treasurer for his own salary and the salaries of his clerks was less than the fees earned by his office for that year.   Without deciding the question above stated, it may be said that one of the first rules for the construction of statutes is that the court will give effect to all parts of the statute if practicable.   If the language of the second proviso is to be taken literally, it would seem that there is a substantial conflict between that part of the act and the amendment above quoted.   We think, however, that a more reasonable construction of the second proviso is that it was intended to apply to the smaller counties of the state, and not to counties having more than 25,000 and less than 60,000 inhabitants.   If we say that by the act of 1901, ch. 35, the counties are divided into classes with reference to the work of the county treasurer, and that in those having over 25,000 and under 60,000 inhabitants the treasurer is allowed assistants whose combined salaries are fixed at $3,000, and in all counties having 25,000 or less the rule of the second proviso obtains, this will give effect to all of the provisions of the statute and render the act consistent with itself.   We think that this sufficiently disposes of the plaintiff's contentions.

For the foregoing reasons, we are of opinion that the judgment of the district court was right, and it is therefore

AFFIRMED.