STATE OF NEBRASKA, EX REL. CITY OF YORK, V. H. A. BABCOCK, AUDITOR OF PUBLIC ACCOUNTS.

1.  Cities of the Second Class : BONDS FOR WATER WORKS. Section 69 of the act relating to cities of the second class, authorizes the submission to the electors of such city, by a resolution of the city council, of a proposition to issue the bonds of the city for water works, and such submission need not be by ordinance.

2.  Taxes. The right of a city council of a city of the second class to impose a tax for water works is limited to five mills on the dollar on the assessed valuation of such city, and bonds issued for water works, bearing interest in excess of such limitation, are unauthorized.

ORIGINAL application for mandamus.

*J. F. Hale* and *Scott & Gilbert,* for relator.

*William Leese, Attorney General,* for respondent.

MAXWELL, CH. J.

This cause is submitted to the court upon demurrer to the petition. The petition is as follows:

" The city of York, in the county of York, complains of H. A. Babcock, auditor of public accounts, and shows to the court—

" 1st. That the relator, the city of York, is a municipal corporation duly organized under the laws of Nebraska for the government of cities of over one thousand inhabitants, and has been such organized city for more than one year last past.

" 2d. That the respondent, H. A. Babcock, is the auditor of public accounts, charged with the duty of registration of city and village bonds.

" 3d. That on the 1st day of March, 1886, the assessed valuation of the city of York was more than three hundred thousand dollars, to-wit: $335,000.

" That on the 1st day of March, 1886, at a regular meeting of the city council of said city, a petition was presented to the said council, praying that it submit to the voters of said city, at the general city election to be held on the 6th day of April, 1886, a proposition to issue the bonds of said city in the sum of $30,000 for the purpose of erecting and maintaining a system of water-works in said city; and afterward, at an adjourned regular meeting of said council, a motion was unanimously adopted submitting said proposition to the electors of said city, to be voted upon by them at the general election to be held on said 6th day of April, 1886; and the notice of election and proclamation were duly issued and published according to law, the said proclamation setting forth in full the proposition so submit-

ted, a copy of which, with all the proceedings of the council up to, and including the time of the issuance of the bonds in accordance with said proclamation, are hereto attached and (made) a part of petition, marked ' Exhibit A.'

" That at the general city election held in said city, on the said 6th day of April, 1886, said proposition was voted upon by the electors of said city, and the returns of said election were duly canvassed by the mayor and council; at which election there were found to be cast 470 votes, of which number there were found to be cast in favor of said proposition 242 votes—a majority of all the votes cast thereat. The result was thereupon, by the mayor and council of said city, declared to be that said proposition was adopted; and the proposition and the result were entered upon the records of the city.

" That on the 26th day of May, 1886, the mayor and clerk, by order of the city council, were ordered to cause to be issued the bonds of said city in the sum of $30,000, in denominations of $500 each, with coupons attached to bear interest at the rate of six per cent. per annum, payable semi-annually at the fiscal agency of the state of Nebraska in the city of New York.   A copy of the proceedings of the city council authorizing the issuance of said bonds is attached to said exhibit 'A,' and is made a part of this petition.

"That in pursuance of said proposition and the facts above set forth, the mayor and clerk, on the 15th day of June, 1886, proceeded to, and did sign and execute said bonds, and afterwards, and before the commencement of this action, presented the same to respondent as auditor of public accounts, under the provisions of an act to provide for the registration of city and village bonds, approved March 5, 1885, and requested that he certify upon said bonds that they have been regularly issued and registered in the office of the auditor of public accounts, and furnished to said auditor a transcript of all the proceedings, duly certified

under the hand of the city clerk of said city and the seal thereof, and offered to pay said auditor the legal fees therefor, but the registration of said bonds by the respondent was refused.

" That the said city has no indebtedness except its part of county and precinct bonds issued to aid in the construction of a railway through said county.

" That the said city has no means to construct said waterworks system unless it can realize upon the bonds so as aforesaid issued, and it has made a contract for the sale of said bonds at a premium of $701, provided the said bonds be registered and issued according to law.

" The relator further shows that so far as it is advised, the reason said respondent refuses to register said bonds, as he claims, is that the city council did not adopt an *ordinance* providing for the submission of the said proposition to the electors at the general election held in said city on said 6th day of April, 1886; but the relator contends that the law does not require the enactment of an ordinance, either to call a general election, or for the purpose of submitting the question of borrowing money to the electors at a general election, in cities of the second class of over one thousand inhabitants, to aid in the construction of water-works.

" Therefore relator prays that the court issue a peremptory writ of mandamus directed to H. A. Babcock, auditor of public accounts, commanding him forthwith to register and under his seal of office certify upon said bonds that they have been regularly and legally issued, and that they have been registered in the office of the auditor of public accounts in accordance with the provisions of law."

In the record of the proceedings of the city council the following appears in regard to the canvassing of the vote, declaring the result, and ordering the issuance of the bonds :

" On the 12th day of April, 1886, at a meeting of the city council, the following, among other proceedings, were had, to wit :

" ' YORK, NEBR., April 12, 1886.

" ' To the honorable council of the city of York :

" ' GENTLEMEN: This meeting is called for the purpose of canvassing the vote cast at the last city election and allowing the officers-elect to qualify, so that the new council may organize for business.

" ' Very respectfully,

" ' W. M. KNAPP,
" ' Mayor.' "

\*    \*    \*    \*    \*    \*

" The whole number of votes cast, 470; of which there were cast FOR water bonds and tax, 242.

" It therefore appearing that a majority of all the electors voted FOR the water bonds and tax, the same was duly declared carried."

And afterwards, on the 26th day of May, 1886, at a meeting of the city council, the following resolution was adopted unanimously : " Whereas, it appearing that a majority of the electors of the city at the general election held in said city on the 6th day of April, 1886, voted in favor of the proposition to issue the bonds of said city in the sum of thirty thousand ($30,000) dollars for the purpose of defraying the expenses of erecting a system of water works for said city, and it appearing that the city council, at a meeting held for that purpose, declared that said proposition was duly carried.    It is therefore hereby ordered that the mayor and clerk be and they are hereby authorized to cause to be issued sixty (60) bonds of said city of the denomination of five hundred (500) dollars each, with coupons attached, to bear interest at the rate and payable at the times specified in the notice and proclamation heretofore issued and published by order of the city council and voted upon by the people at the general election held in said city on April 6, 1886, said bonds to be dated June 15, 1886."

There are two questions presented for consideration :

*First,* was the proposition properly submitted to the electors of the city of York ?   *Second,* if so, was the amount of tax to be levied thereunder within the limit fixed by the statute ?

Section 69, chap. 14, Comp. Stat., provides that : " In addition to the powers hereinbefore granted cities and villages under the provisions of this chapter, each city and village may enact ordinances or by-laws for the following purposes : To levy taxes for general revenue purposes, etc. ; to provide for grading streets, construction of bridges, sewers, etc. ;  to raise revenue by license tax on occupations, etc. ; to regulate the traffic in liquors, etc. ; to make all such ordinances, by-laws, rules, regulations, and resolutions not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this chapter granted."

This twelfth subdivision in effect adds to the specific powers granted in the first part of this section, the authority to proceed in all proper cases by " rules, regulations, and resolutions."   There are many cases where, from the temporary character of the matter involved, it would seem to be unnecessary to pass a formal ordinance, such as the submission to the electors of a proposition for the issuing of water bonds.  In such case the proposition, unless adopted by a majority vote, would possess no validity whatever.  It is simply what its name implies, a proposition, and unless adopted by a majority vote would fail.

In the case at bar the proposition is conceded to be and is in proper form.  It evidently passed the council by unanimous vote.   It was treated by the electors of the city as a valid proposition and adopted by a majority vote.   The city council thereafter assembled, in pursuance of law, and canvassed the vote, and declared the result of the election, and afterwards, on the 26th day of May, 1886, the city council, by unanimous vote, ordered the issuing of the bonds.   This body was charged with the duty of submitting the proposition, canvassing the vote, declaring the

result, and if the proposition was carried, issuing the bonds. This power appears to have been duly exercised by that body in pursuance of the statute, and a mere irregularity in their proceedings, even had it been shown, would not affect the validity of their acts. We hold, therefore, that the proposition to issue the bonds of York city was properly submitted to the electors thereof.

2d. The second question is a more serious one. The assessed valuation of the city of York was the sum of $335,-000. The vote authorized the issue of, and it is now sought to compel the defendant to certify, bonds to the amount of thirty thousand dollars, bearing interest at the rate of six per centum per annum. The statute limits the levy "of tax for water works to an amount not exceeding five mills on the dollar in any one year on all the property within such city or village, as shown and valued upon the assessment rolls." This is a limitation upon the power of the city council beyond which they have no authority to issue bonds. *Hamlin v. Meadville*, 6 Neb., 227. *Reineman v. C. C. & B. H. R. R. Co.*, 7 Neb., 314. This point is not insisted on by the defendant, but the fact is apparent upon the face of the record, and is thus brought to the attention of the court. It is apparent that the issue is in excess of the power of the city council, and that the defendant was justified in refusing to certify the same.

The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.