HENRY C. DIEDERICH ET AL., APPELLANTS, v. CITY OF RED CLOUD ET AL., APPELLEES.

FILED JULY 16, 1919. No. 20582.

1. **Municipal Corporations:** STREET IMPROVEMENTS: ASSESSMENT OF BENEFITS: INJUNCTION. A city of the second class having more than 1,000 and less than 5,000 inhabitants cannot make a valid contract for extensive street paving without an estimate, as re-

quired by section 5011, Rev. St. 1913. If the city engineer is not competent to make such estimate, and a proper estimate is made by competent engineers employed by the city for that purpose, owners of adjoining property cannot, after such paving is completed, enjoin an assessment of benefits against their property on the ground that the estimate was not made by the city engineer.

2. ——: ——: ——: ——. Such levy of assessment cannot be enjoined because a street railway was allowed to remove its rails from the street to be paved, instead of paving the space formerly occupied thereby, as required by section 5110, Rev. St. 1913, nor because the contractor guaranteed the quality of the work and agreed to make good any defect that appeared within five years, nor because no formal personal notice of the formation of the paving district and subsequent actions of the council was given them.

APPEAL from the district court for Webster county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*F. J. Munday* and *L. H. Blackledge,* for appellants.

*Bernard McNeny, J. S. Gilham* and *Strode & Beghtol, contra.*

SEDGWICK, J.

The city of Red Cloud, a city of the second class having less than 5,000 inhabitants, by ordinance created paving district No. 1 of that city, and afterwards let a contract for paving a street in the district; and the city council was about to levy assessment upon the property owners of the district to pay for the paving, when this action was begun by some of the property owners to enjoin the city and the officers thereof for making such levy. From a judgment in favor of the city, the plaintiffs have appealed.

1. The first objection is that no estimate was made by the city engineer as provided by section 5011, Rev. St. 1913. The city council employed engineers to make this estimate, which was duly made. The objection is that it was not made by the city engineer, and it is contended that no other estimate can be acted upon by the city council under section 5011, Rev. St. 1913. Our statute pro-

103 Neb.—44

vides for the election of city officers, and prescribes their powers and duties. The purpose of this section is to prescribe the powers and duties of the city engineer. The plaintiffs cite *Moss v. City of Fairbury,* 66 Neb. 671, and several other decisions of this court, in which it was held that the public authorities had no jurisdiction to proceed without an estimate of the cost of the work; but none of these cases, so far as we have observed, considers the question whether such estimate may under any circumstances be made by any other than the city engineer. The evidence shows that in this case, as in other towns of this class, the city engineer is chosen without reference to his qualifications to make a proper estimate of the items of cost of extensive street paving. The city engineer was a witness upon the trial, and his evidence shows that he was not qualified, and did not consider himself qualified, to make an estimate of such extensive street paving, and that the city council, with his knowledge and consent, employed competent engineers who did make the estimate. It does not appear that any objection was made to the estimate on the ground that it was not made by the city engineer until after the paving was done. While the letter of the statute is that the city engineer shall make estimates, the preceding direct statement of the improvements for which the city engineer shall make estimates might indicate that the legislature did not have extensive paving in towns of this class in view, for which it would be necessary to employ more competent engineers. When the statute was enacted in 1879, neither the legislature nor any one else contemplated that towns of this class would do extensive paving. If the present situation had been contemplated by the legislature, we may well suppose, in view of the provisions of this comprehensive act, that the language of this section would have been more explicit. Under all of the circumstances, we cannot conclude that it was the intention of the legislature to prevent the city council from securing the necessary services of competent engineers under such conditions as these.

The plaintiffs cite *Board of County Commissioners v. Davis,* 92 Kan. 672. Their statute provided expressly under what circumstances the county board might employ assistance for the county surveyor, and as such circumstances did not exist, the court concluded that the board could not employ such assistance. The case is not in point under our statute.

2. Complaint is made that the amount paid the engineer, and included in the cost of the paving, was excessive, but the evidence will not support the contention.

3. The property owners cannot complain that the street railway company was permitted to remove its rails from the street to be paved, instead of paving the portion of the street which had been occupied by its tracks, as required by section 5110, Rev. St. 1913. There is no evidence, and it does not appear, that it is contended that the benefits to the property of plaintiffs are less than the cost of the paving.

4. The contractor guaranteed: "That said curb shall be of such perfect material and workmanship as to endure for a period of five (5) years after the completion and acceptance of said work without showing settlement, cracks, or other defects; and said contractor shall during the time of said guaranty remove such pieces of stone as may show any defects; and said contractor shall substitute new work therefor when called upon by the city to do so, and shall complete such work of replacing defective stones within thirty (30) days after issue of written notice so to do, and such new work shall, in every respect, conform to the specifications." Such guaranties of the quality of the work will not render the contract void, nor prejudice the property owners.

5. There is no merit in the contention that the property owners should have formal personal notice of the formation of the paving district, and subsequent actions of the council.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.