STATE, EX REL. CITY OF O'NEILL, RELATOR, V. GEORGE W. MARSH, AUDITOR OF PUBLIC ACCOUNTS OF THE STATE OF NEBRASKA, RESPONDENT.

FILED JULY 15, 1921.   No. 22121.

Mandamus: REGISTRATION OF MUNICIPAL BONDS: VALIDITY OF ELECTION. In a mandamus proceeding brought to compel the auditor of public accounts to register certain water-works bonds issued under the provisions of section 5119, Rev. St. 1913, as amended in 1917 (Laws 1917, ch. 103), held, (1) that such an election may be ordered by the city council by resolution; (2) that a notice of such an election which called for the election to be held "at the regular polling places in said city," in the absence of a showing that it was not so held, will be considered sufficient; (3) that, in the absence of affirmative evidence to the contrary, the court will presume that the judges and clerks of election were either legally appointed or were de facto officers.

ORIGINAL proceeding in mandamus to compel the state auditor to register water-works bonds of the city of O'Neill. Writ allowed.

State, ex rel. City of O'Neill, v. Marsh.

W. J. *Hammond*, for relator.

*Clarence A. Davis, Attorney General*, and *Mason Wheeler, contra*.

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS and MORNING, District Judges.

LETTON, J.

This is a mandamus proceeding brought to compel the auditor of public accounts to register certain bonds of the city of O'Neill in the sum of $19,000 issued for the purpose of maintaining and extending the water-works of the city. The respondent refused to register the bonds for the following reasons: First, that the bond election was called by the council by the adoption of a resolution, and not by the passage of an ordinance. While there have been some slight changes in the statute since the decision in *State v. Babcock*, 20 Neb. 522, we are convinced that the changes do not materially affect the question presented, that the reasoning of that case still applies, and that the council had power to call the election by resolution. Second, that the notice, which called for the election to be held at "the regular polling places in said city," was defective, and was not sufficient notice to the electors of the locality of the polling place. This identical question was presented in *Hurd v. City of Fairbury*, 87 Neb. 745, and was decided against the respondent's contention. The decision governs in this case.

Further complaint is made that the history presented does not show the appointment of judges and clerks of election. In the absence of affirmative evidence to the contrary, the court will presume that the judges and clerks were either legally appointed or were *de facto* officers. A peremptory writ of mandamus is allowed as prayed.

WRIT ALLOWED.