HERMAN G. WEILAGE ET AL., APPELLEES, V. CITY OF CRETE ET AL., APPELLANTS: ALLIED CONTRACTORS, INTERVENER, APPELLANT.

FILED JUNE 27, 1923. No. 23009.

1. **Municipal Corporations:** MINISTERIAL ACTS: RESOLUTIONS. In the exercise by the city of the second class of its corporate functions, where the statute definitely prescribes a method of action, such method must be followed. Where this is not done, if the action taken by the city amounts to prescribing a permanent rule of conduct which is thereafter to be observed by the inhabitants of the city, or by the officers in the transaction of the corporate business, then the rule prescribed may be more properly expressed in the form of an ordinance; but it is entirely proper to act by resolution, if the

action taken is merely declaratory of the will of the corporation in a given matter, and is in the nature of a ministerial act.

2. ———: ASSESSMENTS: COLLATERAL ATTACK. Where, in the making of assessments for local improvements and the levy therefor, property owners have opportunity to present their objections to the municipal body and to there have a hearing and pursue proceedings for review of the final decision of that body whether by error or appeal, they cannot fail to do so and then, in the absence of a substantial jurisdictional defect in the proceedings, question the proceedings collaterally by an independent suit to restrain the making of the levy.

APPEAL from the district court for Saline county: LEONARD W. COLBY, JUDGE. *Reversed and dismissed.*

*Glenn N. Venrick* and *John E. Mekota,* for appellants.
*McKenzie, Cox, Burton & Harris,* for Intervener.
*George H. Hastings, Robert R. Hastings, Stewart, Perry & Stewart* and *T. J. Dredla,* for appellees.

Heard before MORRISSEY, C. J., LETTON, DEAN and GOOD, JJ., BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

In this an injunction suit the plaintiffs, some 90 in number, seek to restrain the defendant city and its officers from levying and collecting a special assessment upon certain of the real estate within the city of Crete, and within a designated sewer district, assessed for the purpose of being applied toward payment of the cost of construction of a storm sewer in the city to drain one of its principal streets. The city by its proper officers had taken the proceedings designated by chapter 189, laws 1919, for the purpose of constructing the sewer, and had substantially followed the same until it received a certificate of completion from the engineer with a statement of the costs and proposed assessments against the several pieces of property, including that of the plaintiffs, and had given notice and had a hearing thereon at which the proposed assessments against the several properties were approved. Up to this point there is no dispute as to the facts and no claim on the part of the

Weilage v. City of Crete.

plaintiffs of serious irregularity or defect in the proceedings.

At the hearing before the council in reference to the adoption of this proposed assessment, the plaintiffs appeared, made and filed written objections to the proceedings, alleging substantially the same grounds as are alleged in the petition as grounds for this action, none of which are urged upon this appeal except that of gross injustice in some of the amounts charged against the respective properties, and that certain of the property included in the district is not assessed for any amount.

The plaintiffs base their claim of right to the restraining order principally, and upon the oral argument and submission of the case wholly, upon the ground that the city council assumed, following such hearing and the adoption of the proposed assessment, to make the levy for the amounts of the assessment by resolution, and not by ordinance. They contend that the levy could be made only by ordinance, and that, not having been so made, the want of the ordinance is a fatal jurisdictional defect in the proceedings, and that the whole matter of the assessments and disposition thereof as against their several properties should therefore be set aside, and are now in this action the subject of inquiry and adjudication as to their fairness and justness. Upon the other hand, the defendant city and the contractors, who were allowed to intervene in the case, contend that no jurisdictional defect exists or has been pointed out; that, in the absence of such jurisdictional defect as would render the proceedings based thereon void, the proceedings are not subject to this, a collateral attack by an independent action, and that, even if such an inquiry be allowed, it would not extend farther back into the proceedings than to making of the levy, which, if it should be held must be by ordinance rather than by resolution, could yet be made and proceedings had from that point onward without affecting the earlier proceedings in the matter.

We will consider first whether the failure to enact an

Weilage v. City of Crete.

ordinance making the levy is such a fatal defect as to render the proceedings void. In adopting the resolution of necessity and in the other proceedings up to the time of the hearing and adoption of the proposed assessment, although many objections are alleged in the petition, none are now insisted upon and the provisions of the act of 1919 seem to have been substantially followed. We may concede that the evidence shows some apparent inequalities and injustices in the matter of spreading this assessment against the respective properties, but that was a matter which was properly before the council for hearing and determination and was by that body determined, and properly to be determined, prior to the adoption of the ordinance which plaintiffs contend should have been adopted. Before either ordinance or resolution could be adopted making the levy, the assessment itself must have been made, and this involves a determination of the property to be assessed and the specific amounts chargeable against the several lots and tracts. We fail to see therefore, and it has not been pointed out to us in the briefs or argument, how the enactment or non-enactment of an ordinance subsequent thereto could have relation back so as to invalidate or control proceedings theretofore had, and which were conducted, so far as appears, in conformity with the statutory provisions. If the ordinance was a necessity and jurisdictional in its nature, it seems that its presence or absence could affect only subsequent proceedings to be based thereon.

Passing this point, however, we are not convinced that the making of the levy could be done in this instance by ordinance only. The plaintiffs base their contention upon a construction of sections 4278, 4281, 4282, Comp. St. 1922, which are respectively 5105, 5108, 5109, Rev. St. 1913. They contend that the preamble (4278) to the effect that the city "may enact ordinances for the following purposes," followed by the other subdivisions, limits the authority of the city so that it can act in such matters by ordinance only: and that the clause, "to make all such or-

dinances," in section 4279, further indicates an intention to so limit the power.

In reference thereto it is well to note the relation of section 4279 to the other subdivisions with which it is connected. For this purpose, going back to the original act of 1879 (Laws 1879, p. 213), it will be seen that this section, which as placed in the revision now precedes all other subdivisions, was originally number 12 in the list, and was so carried through the laws of 1885 and 1887, and perhaps others. A reading of this, therefore, in connection with its context shows that the section originally provided that the city should enact ordinances (1) to levy taxes for general revenue purposes; (2) to levy any other tax or special assessment authorized by law; (3) to provide for grading and repair of streets; (4) to construct sidewalks. etc., and so continuing until, having made 11 specific provisions, this section (4279) then follows as number 12, authorizing the city, further: "To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this chapter granted, for maintaining the peace, good government, and welfare of the corporation, and its trade, commerce, and manufactories."

It thus appears to be the purpose of this subdivision to, in a measure at least, enlarge the powers of the city authorizing it to act in the manner there stated and upon subjects in addition to the specific things before stated. The subdivision, therefore, instead of being a limitation upon the power of the municipal authorities to act, is an extension of power; and specifically mentions a resolution as one means of acting in a proper case.

It has been several times held by this court, and is, we think, the universal doctrine, that where the statute definitely prescribes a method of action, that method must be followed. Where this is not done, if the action taken by the municipality amounts to prescribing a permanent rule of conduct which is thereafter to be observed by the

inhabitants of the municipality, or by its officers in the transaction of the corporate business, then the rule prescribed may be more properly expressed in the form of an ordinance; but it is entirely proper to act by resolution, if the action taken is merely declaratory of the will of the corporation in a given matter, and is in the nature of a ministerial act. *McGavock v. City of Omaha,* 40 Neb. 64.

It is also contended that section 4281, a subdivision under the general section 4278, providing, "To levy any other tax or special assessment authorized by law," controls as to the making of a special assessment in this case. This court in *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, 145, specifically held that by this subdivision "is evidently meant such special assessments and taxes the levying or imposition of which is to be performed by an independent act or ordinance, complete in itself, and of such taxes as are more permanent and continuing in their nature than those of special assessments for local improvements."

In *McGavock v. City of Omaha, supra,* a resolution was held to be sufficient as the method of establishing a street grade. In *Lincoln Street R. Co. v. City of Lincoln, supra,* a resolution was held sufficient whereby to make the final levy for paving, and that an independent ordinance therefor was not required. In *Van Valkenberg v. Rutherford,* 92 Neb. 803, a resolution was held sufficient authorization for the transfer of title of real estate, owned by the city, fixing the terms of sale and the making of a deed, and that an ordinance was not required. And in *State v. Marsh,* 106 Neb. 547, following the doctrine of *State v. Babcock,* 20 Neb. 522, this court held a resolution sufficient for the calling of an election to vote bonds for the purpose of maintaining and extending the city water works.

In view of these considerations, we do not believe an ordinance was necessary to the valid making of the levy under consideration. We do not hold that resolutions and ordinances may be used interchangeably, but what we do

decide is, that under the circumstances of this case the making of this final levy was in the nature of a ministerial act, and that the action of the council by resolution for that purpose was not prohibited by law.

Plaintiffs' counsel have presented with considerable force, both in the brief and by oral argument, claims of unjust distribution of the assessments both as to property entirely omitted and as to properties which it is claimed were overcharged; but, in consideration of this phase of the case, it must be remembered that, no fatal defect in the proceedings prior to the time of the levy having been pointed out, the council had jurisdiction to create a sewer district and, necessarily, to define the boundaries thereof. It was also authorized to construct the improvement, and in making the assessment against the properties necessarily had the power and jurisdiction to determine what properties should be assessed and the amount thereof, and what property, if any, in the district should be omitted from the assessment as not receiving special benefits. All these are matters which, under the conceded facts appearing by the record, the council had jurisdiction and power to determine. Having such power, any errors or irregularities in reference to the matters suggested did not furnish ground for an independent suit by injunction. Considerations respecting the topography of the district, the distance of the different lots from the improvement itself, the value of the property, the benefits derived or to be derived therefrom were all matters properly for the consideration of the mayor and council and must be conclusively presumed to have been taken into consideration by them. The plaintiffs urge that there was gross injustice in the distribution and fixing of the amounts to be assessed and in the omission of property from assessment, but they do not charge fraud, do not allege that they were denied a hearing before the municipal body; and in fact the record conclusively shows they had a hearing, and their objections were there heard and overruled.. The plaintiffs having thus instituted a direct attack against

the proceedings, and at the hearing having met with an adverse decision by the city council, were authorized, to preserve their evidence, settle their bill of exceptions, and have the case reviewed upon error proceedings in the district court, and ultimately, if they thought proper, in this court. Such was the course pursued by the parties in the recently decided case of *Hurd v. Sanitary Sewer District,* 109 Neb. 384. Instead of pursuing that course, however, these plaintiffs chose to abandon their direct attack and, by the institution of this, a separate and independent suit, make a collateral attack upon the same proceedings, upon substantially the same grounds as were included in their objections filed before the council, with the additional claim only of the invalidity of the levy because made by resolution and not by ordinance.

It has become the well-recognized rule of law in this state that where the parties have an opportunity to be heard, as in this case, and to pursue proceedings for review whether by error or appeal, they cannot fail to do so and then, in the absence of a substantial jurisdictional defect in the proceedings, obtain relief by means of such collateral attack. This rule we take it is well settled in this state, and has been applied in *Diederich v. City of Red Cloud,* 103 Neb. 688; *Hahn System v. Stroud,* 109 Neb. 181; *Wead v. City of Omaha,* 73 Neb. 321; *Morse v. City of Omaha,* 67 Neb. 426; *Portsmouth Savings Bank v. City of Omaha,* 67 Neb. 50; *Webster v. City of Lincoln,* 50 Neb. 1, and in other cases.

It necessarily follows that the plaintiffs are not in a position to test out in this suit either in this court or in the district court the merits of their original claims and objections made before the city council; and that nothing has since occurred in the proceedings which may operate as a foundation for injunctional relief. Even if we are inclined to hold that the actual making of the levy was required to be done by ordinance, rather than by resolution, that could have no retroactive effect so as to open up for investigation the prior proceedings in reference to

which the plaintiffs permitted the adjudication by the municipal body to become final by failure to prosecute proceedings for review thereof, and relief, if given by setting aside the resolution and allowing the council to reconvene and enact an ordinance for the same purpose, would be of no consequence in its effect upon the rights or the property of the plaintiffs.

It therefore follows from these considerations that the judgment of the district court should be reversed and the cause dismissed.

REVERSED AND DISMISSED.