648

ELMER L. HEVELONE, APPELLANT, V. CITY OF BEATRICE
ET AL., APPELLEES.

FILED JANUARY 31, 1931. No. 27770.

*Vasey & Mattoon,* for appellant.

*J. A. O'Keefe, Jack & Vette* and *Rinaker & Delehant,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ.

Eberly, J.

This is an appeal from a judgment of the district court for Gage county sustaining a general demurrer to appellant's petition, and thereafter dismissing the same.

The proceedings presented for review challenge the validity of the contract entered into between the city of Beatrice and the Layne-Western Company, hereinafter called the construction company. By the terms of this agreement the construction company obligated itself to supplement an indefinite and an insufficient supply of good water obtainable through the municipal waterworks by the construction of certain wells, pumps, pipe lines, etc., without the city limits of Beatrice, and by conveying therefrom and delivering to and into the city waterworks system for the use of the city and its patrons a daily definite amount of good water conforming to tests prescribed in the contract, and for a compensation stated. This compensation included an agreement by the city, as part thereof, to pay certain taxes on the property of the construction company constituting a part of this supplementary system of waterworks by it to be erected, created and established, and also reserved the right to the city to purchase the improvements thus made from the construction company, at its option, at times certain, in accordance with a definite schedule of prices set out in the contract.

The proposition involved in the foregoing transaction had been, prior to the execution of the contract involved in the suit, submitted by the municipal authorities to the action of the electors of the city. These electors at a

special election had, by a majority vote of those partici-
pating therein, approved the same, and in terms directed
the execution of this contract. The plaintiff questions the
validity of the proceedings involved in part because he
alleges that the special election referred to was called by
the terms of an ordinance which was not read on three
different days, and there was no suspension of this rule as
provided by section 16-404, Comp. St. 1929, and no notice
of the proposed special election was given as prescribed
by sections 1 and 2 of chapter 16 of the municipal code of
Beatrice; that the contract itself was not read and passed
on upon three separate days by the legislative department
of the city government.

The following facts appear in the petition: On Febru-
ary 26, 1930, at a meeting of the city council, the mayor
and all members being present, the proposed contract be-
tween the construction company and the city of Beatrice
was presented and read, and the same, referred to as "the
agreement or resolution," was then adopted by a unani-
mous vote. Thereafter the estimate of the cost of the
proposed improvement by the city engineer and the due
approval of the plans submitted with his report by that
officer were filed with the council. By a unanimous vote
the plans and specifications submitted were accepted and
placed on file. Thereupon and thereafter an instrument,
in form an ordinance, embodying the proposed contract
was read and introduced. After such introduction a reso-
lution was proposed and unanimously adopted. that this
ordinance be submitted at a special election "to a direct
vote of the voters of the city at a special election to be
held on the 24th day of April, 1930." This resolution
further recited that the action taken was pursuant to sec-
tion 16-652, Comp. St. 1929, which section, so far as ap-
plicable to the objections now under consideration, pro-
vides:

"The mayor and city council shall have power to make
contracts with and authorize any person, company or as-
sociation to erect * * * waterworks in said city and give

such persons, company or association the privilege of furnishing water * * * for * * * its inhabitants for any length of time not exceeding twenty-five years: Provided, no such contract shall be made or entered into by the mayor and city council until the question of granting the contract or privilege shall have been submitted to the electors of the city at a special election called for that purpose * * * notice of which shall be given by publication in some newspaper published in the city at least thirty days before the date of such election and a majority of the electors voting upon the proposition shall have voted in favor of making the contract or granting such privilege;" (and expressly includes the power) "to purchase or provide for, establish, construct, extend, enlarge, maintain and operate and regulate for the city any such waterworks."

But it also appears that section 16-659, Comp. St. 1929, is applicable, and so far as it relates to the subject-matter under consideration may be quoted as follows:

"Or having voted bonds and·constructed a system of waterworks and having failed to obtain an adequate supply of good water, then the mayor and council may contract with and procure individuals or corporations to construct and maintain a system of waterworks * * * in such city for any time not exceeding twenty years from the date of the contract, with a reservation to the city of the right to purchase such waterworks, * * * at any time after the lapse of ten years from the date of the contract upon payment to such individuals or corporations of any amount to be determined from the contract, not exceeding the cost of the construction of such waterworks; * * * in other respects such contract may be on such terms as may be agreed upon by a two-thirds vote of the council, entered upon the minutes: Provided, no such contract shall be made unless thereunto authorized by a majority vote of the legal voters of such city at a special election called for that purpose."

The petition expressly alleges that the city of Beatrice has heretofore voted bonds, and constructed a system of

waterworks with the proceeds thereof, and also failed to obtain an adequate supply of good water, a condition which still exists.

An examination of section 16-404, Comp. St. 1929, discloses that its requirement that certain ordinances "shall be fully and distinctly read on three different days unless three-fourths of the council shall dispense with the rules" is limited to "ordinances of a general or permanent nature." It has no application to ordinances which are not within the class named, nor is it applicable to legislative action taken in the form of resolutions or of simple motions. The provisions of the statutes on the subject of waterworks, heretofore quoted, are in fact a grant of power unaccompanied by any express limitation on the manner in which it shall be exercised. It contains no specification as to the form in which the municipal action shall be taken. Indeed the provisions in question imply the right of the mayor and council to employ ordinances, resolutions, or simple motions, as in their discretion they deem best. In the light of the previous decisions of this court, the principle seems established that a special election in a city of the first class, having more than 5,000 and less than 25,000 inhabitants, may be properly called by a resolution, and that the enactment of an ordinance for that purpose is not necessary. *State v. Babcock,* 20 Neb. 522; *McGavock v. City of Omaha,* 40 Neb. 64; *Hurd v. City of Fairbury,* 87 Neb. 745; *Van Valkenberg v. Rutherford,* 92 Neb. 803; *State v. Marsh,* 106 Neb. 547; *Weilage v. City of Crete,* 110 Neb. 544.

It is also true that this court has expressed the view that an ordinance, by its terms limited to calling a special election such as here attempted, is not a matter of a "general or permanent nature" within the meaning of the statute referred to. *State v. Babcock,* 20 Neb. 522; *Hurd v. City of Fairbury,* 87 Neb. 745.

After examination of the terms embodying the municipal action before us for review, we are of the opinion that in substance it was in fact the adoption of a resolution by

the mayor and council calling a special election, and not the passage of an ordinance for that purpose, which the record before us sets forth. True, the words "Be it Ordained" were employed in the proceeding adopted as a resolution. It is to be remembered, however, that this court is committed to the view that the words last quoted include the formula, "Be it Resolved," and is effective as the adopting expression in the passage of a resolution. *In re Senate File* 31, 25 Neb. 864.

It would seem that sections 16-652 and 16-659, Comp. St. 1929, are applicable to the subject-matter here presented. Section 16-659, it appears, provides for a situation in which it is desired to supplement, amplify, and make definite what has heretofore been done and accomplished by the legislature under the provisions of section 16-652. If we are correct in the conclusion, then both provisions, essentially applicable to the same subject-matter, are to be construed together as *in pari materia*. It is quite apparent, if so construed, the notice of the special election in the present instance was proper; and the steps actually taken thereunder by the municipal authorities conform to the controlling statutory provisions.

We are also quite convinced that the location of the proposed wells contemplated by the improvement without the city limits is, under the facts in this case, no substantial ground of objection to the validity of the proceeding. Comp. St. 1929, secs. 16-601, 16-652, 16-659.

In this connection it is to be remembered that the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity. *Kelley v. Gage County,* 67 Neb. 6; *State v. Drexel,* 75 Neb. 614, 618; *Hurd v. City of Fairbury,* 87 Neb. 745; *Parker v. Nothomb,* 65 Neb. 315; *State v. Ure,* 91 Neb. 31; *Kearney County v. Hapeman,* 102 Neb. 550, 552; *Taylor v. Taylor,* 10 Minn. 107.

In the light of the rule of construction last referred to, it cannot be deemed objectionable that no previous appropriation had been made by the mayor and council with

respect to the payments to be made under the contract,
as these payments accrued by its terms. In the nature
of the case, such previous appropriation by an annual ap-
propriation ordinance, in view of the extent of the time
and the facts here involved, is a substantial impossibility.

We also find that the canvass of the votes cast at the
special election held, as set forth in the petition, discloses
full compliance with the requirements of section 16-659,
Comp. St. 1929, viz.: "Provided, no such contract shall
be made unless thereunto authorized by a majority vote of
the legal voters of such city at a special election called for
that purpose." In *Carroll County v. Smith,* 111 U. S.
556, it was held: "The number and qualification of voters
at such an election is determinable by its result, as can-
vassed, ascertained and declared by the officers appointed
to that duty, or as subsequently corrected by a contest or
scrutiny in a direct proceeding, authorized and instituted
for that purpose; it cannot be contested in any collateral
proceeding, either by inquiry as to the truth of the return,
or by proof of votes not cast, to be counted as cast against
the proposition, unless the law clearly so requires."

The clause quoted, forming the proviso to section 16-
659, considered by itself and unrelated to a similar clause
constituting a proviso to section 16-652, could hardly be
considered as intended to establish a rule at variance to
the principle announced in *Carroll County v. Smith, supra.*
But these provisos applicable by their terms to similar
subject-matter must be construed as *in pari materia* and
harmonized. So treated, the conclusion most favorable to
defendants' contention would, or might, be that the assent
of the majority of the "legal voters of such city at a
special election called for that purpose" means the vote
of the majority of the qualified voters present and voting
at such election in its favor, as determined by the official
canvass and returns thereof. Even this would in truth
ignore and wholly disregard the words, "a majority of the
electors voting upon the proposition," forming a part of
section 16-652.

We conclude that the majority vote of the legal voters of such city, as applied to the instant case, designated the voters who voted, and not those who, although qualified to vote, did not vote at the election. Such is the fundamental basis of the decision of this court in *Bryan v. City of Lincoln,* 50 Neb. 620. See, also, *Carroll County v. Smith,* 111 U. S. 556; *People v. Wiant,* 48 Ill. 263; *County of Cass v. Johnston,* 95 U. S. 360; *Everett v. Smith,* 22 Minn. 53; *St. Joseph Township v. Rogers,* 16 Wall. (U. S.) 644; *Mills v. Hallgren,* 146 Ia. 215; *Vance v. Austell,* 45 Ark. 400; *Sanford v. Prentice,* 28 Wis. 358; *East Bay Municipal Utility District v. Hadsell,* 196 Cal. 725; *Treat v. DeJean,* 22 S. Dak. 505.

We also find that the reservation as to the city's right to purchase on the basis of the schedules contained in the contract, and as covering the additions to the plant to be subsequently made, is in all essentials in accordance with the terms of the statutes involved; and it further appears that the inclusion in the contract of an agreement on the part of the city to pay certain taxes upon the improvements provided for by the contract did not in any manner affect the validity of the contract before us. Comp. St. 1929, sec. 16-659.

From the above it follows that, in sustaining the defendants' demurrer to the plaintiff's petition, and in subsequently dismissing the action, no error was committed by the trial court, and its judgment is

AFFIRMED.