MURL C. MORROW ET AL., APPELLANTS, V. CITY
OF OGALLALA, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLEE.

329 N.W.2d 351

Filed January 28, 1983. No. 81-636.

Gregory J. Beal & Associates, P.C., for appellants.

Paul D. Merritt, Jr., of McGinley, Lane, Mueller, Shanahan, O'Donnell & Merritt, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The plaintiffs are owners and lessees of property abutting 1st Street in Ogallala, Nebraska. On January 27, 1981, the city council of the defendant city adopted a resolution prohibiting parking on 1st Street between East G Street and West H Street. U.S. Highway 30 is routed along 1st Street in that area.

This action was commenced to obtain a declaration that the resolution was void and to enjoin its enforcement. The trial court found that the resolution was valid and dismissed the petition. The plaintiffs have appealed.

The principal assignments of error are that the city was required to act by ordinance rather than by

a resolution and that the resolution was arbitrary, capricious, and unreasonable.

The record shows that 1st Street is the principal east-west arterial street in Ogallala, and between East G Street and West H Street Highway 30 is routed along 1st Street. The area in question is in the business district of the city and the plaintiffs own and operate businesses in the area. The plaintiffs are concerned that the ban on parking along the street in front of their businesses will inconvenience their customers and have an adverse effect on their businesses.

By statute the city is authorized to regulate or prohibit parking upon its streets. Neb. Rev. Stat. § 39-697 (Reissue 1978) and § 17-567 (Reissue 1977). The city had provided by ordinance that the council could prohibit parking on any street by resolution.

There is no express statutory requirement that the designation of streets upon which parking is prohibited be made by ordinance. The plaintiffs contend that this requirement is to be inferred. The contention is without merit.

In *McGavock v. City of Omaha,* 40 Neb. 64, 82, 58 N.W. 543, 549 (1894), this court stated the general rule as follows: "Where the law by which the power to do certain acts or to control and regulate certain matters is conferred upon the city through its council or legislative body, by whatever name it may be designated, does not in any manner limit or direct the mode in which the power granted shall be exercised, the council may choose the method, and its exercise of such control may be by resolution or by ordinance, and the passage of a resolution for that purpose is as valid and will have as much force as if it was done by the enactment of an ordinance, although ordinances are generally passed with more formality." See, also, *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, 84 N.W. 802 (1901); *Weilage v. City of Crete,* 110 Neb. 544, 194 N.W. 437 (1923).

The record shows that a prior resolution, adopted

May 23, 1966, had directed that 1st Street be marked for two lanes of traffic in each direction. The resolution was based on the assumption that because parking on the south side of 1st Street had been prohibited, there was sufficient width for four lanes of traffic.

Between East B Street and West B Street, 1st Street is 52 to 54 feet in width. East of East B Street and west of West B Street, 1st Street is 63 feet in width. The minimum design standards adopted by the Board of Public Roads Classifications and Standards of the State of Nebraska require that traffic lanes for major arterial municipal state highways be 12 feet in width and parallel parking lanes be 10 feet in width. It is apparent that under this standard there could be no parking on 1st Street between East B Street and West B Street if there were to be two lanes of traffic in each direction. A traffic engineer called as an expert witness by the plaintiffs testified that continuity of traffic lanes was a factor in highway safety.

The record indicates that the matter of parking on 1st Street within the area of the business district had been under consideration for some time. On September 25, 1979, the city had requested a traffic study by the state Department of Roads. The Department of Roads reported the results of that study to the city on September 29, 1980.

The Department of Roads recommended that parking be prohibited on 1st Street from approximately West H Street to East G Street. This would permit two lanes of traffic in each direction and would assist in the orderly flow of traffic and accommodate traffic making left turns off of Highway 30. The department further noted that 1st Street could not be marked for four-lane traffic as long as parking was permitted.

The Department of Roads' recommendation was considered at a joint meeting of the city council and planning commission on November 18, 1980, and

again by the commission at a regular meeting on December 2, 1980. The commission recommended to the council that parking be eliminated and 1st Street be made four-lane traffic.

The matter was again considered by the council at a special meeting on January 20, 1981. The chief of police was present at this meeting and recommended that parking be prohibited. A motion was passed directing that a resolution prohibiting parking be prepared. The resolution in question was adopted at a regular meeting on January 27, 1981.

In addition to the recommendation of the Department of Roads, the council and commission had traffic accident surveys and other reports available to it. The council meetings were open to the public and parties in opposition to the resolution were given an opportunity to present their views to the council.

The plaintiffs argue that the adoption of the resolution was arbitrary because there was no evidence that parking was the direct cause of accidents upon 1st Street; the accident rate was approximately the average for other similar streets in Nebraska; and traffic problems in other parts of the city were not given similar consideration by the council.

The wisdom of the resolution is not before us. The resolution is not subject to revision or control by the courts on the ground of inexpediency, injustice, or impropriety. In *Jones v. Village of Farnam,* 174 Neb. 704, 711-12, 119 N.W.2d 157, 162 (1963), we said: " 'The acts of legislative bodies, whether state or municipal, if performed within the prescribed limits, are not subject to revision or control by the courts on the ground of inexpediency, injustice or impropriety. Such are purely functions of legislative power. Neither will the courts take cognizance over matters involving the wisdom or necessity for the enactment of legislation. The legislative body may alone determine whether a certain piece of legislation is needed or advisable for the general government of the people from whom its power ema-

nates. The concern of the courts is as to the limits of the power, and not the manner or method by which the power is sought to be exercised, if kept within the prescribed limits.' " The resolution was presumptively valid and the burden was on the plaintiffs to show by clear and unequivocal evidence that the resolution was invalid. The plaintiffs failed to meet this burden of proof.

The plaintiffs have no proprietary right to the use of the street in front of their businesses for parking. The city was not bound to accept a particular accident rate on 1st Street and was free to take reasonable action in an effort to assist the orderly flow of traffic on Highway 30 through the business district of the city. The record fails to establish that the resolution was arbitrary, capricious, and unreasonable and did not have a substantial relation to public safety and the general welfare.

We have considered the other assignments of error and find that they are without merit.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., not participating.