FRANCES E. FORD, APPELLEE, V. BOYD COUNTY, APPELLANT.

FILED MARCH 22, 1924. No. 23019.

1. **Statutes:** PROVISO. The office of a proviso in a statute is usually to modify the operation of that part of the statute immediately preceding the proviso, or to except something from the operation of the statute which would otherwise have been within it.

2. **Officers:** CLERKS OF COUNTY COURTS. The proviso in section 2395, Comp. St. 1922, contemplates that in counties having a population in excess of 3,000, if the county board deems it necessary, an assistant, who shall be the clerk of the county court, may be appointed, regardless of the amount of the fees earned by the office, and that the salary of such clerk shall be paid out of the county general fund.

3. ———: REAPPOINTMENT. Where a person is appointed to an of-

Ford v. Boyd County.

fice, pursuant to the provisions of a statute then in force authorizing such appointment, and during his incumbency of the office the statute is repealed, but like provisions for the appointment are contained in the repealing act, no reappointment of such official is necessary, since the reenactment of the old law into the new is, in effect, a continuation of the law under which he was appointed.

4. Pleading: "DULY APPOINTED." In an action against a county to recover salary, claimed to be due to an appointive officer, an allegation in the petition that he was duly and legally appointed signifies that his appointment was regularly·made and in conformity with the requirements of the law.

APPEAL from the district court for Boyd county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*D. A. Harrington,* for appellant.

*J. A. Donohoe* and *W. T. Wills, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., ELDRED, District Judge.

GOOD, J.

From a disallowance by the county board of her claim for salary as clerk of the county court for Boyd county from the 14th day of April, 1921, to and including the 31st day of December, 1921, plaintiff appealed to the district court. On a trial in that court, plaintiff recovered a judgment, and defendant appeals.

On the 12th day of January, 1921, while in regular session, the county board of Boyd county approved the appointment of plaintiff as clerk in the county judge's office and fixed her salary at $720 for the year 1921. Plaintiff continued to perform the duties of clerk of the county court during the entire year and received a salary until the 14th day of April, 1921, since which date the county board has refused to allow her salary. Her appointment as clerk of the county court has never been revoked; nor has the action of the county board, in approving her appointment and fixing her salary, been rescinded. The controversy

arises because of the amendment to the statute under which plaintiff was appointed to her position.

Chapter 98, Laws 1921, became effective on the 14th day of April of that year. Section 2 of that act, being 2395, Comp. St. 1922, is in part as follows:

"Every county judge shall have such assistants to be appointed by him as the county board shall deem necessary, whose compensation shall be fixed by the county board not to exceed the fees of the office in excess of the salary of the county judge at not more than the following schedule, and shall be paid monthly out of the fees of the office: *Provided,* however, in counties having more than 3,000 population the county judge may have one assistant who shall be the clerk of the county court if the county board deems it necessary. * * * In counties having more than 6,000 and less than 16,000 population, $1,000."

Boyd county has a population of more than 6,000 and less than 16,000 population. The salary of the county judge in counties having more than 6,000 and less than 16,000 population is fixed at $1,900. The fees of the county judge of Boyd county for 1921 were $1,902. Defendant contends that under the section above quoted the county board had no authority to allow a salary to the clerk of the county court unless the fees of the office were sufficient, over and above the amount of salary that the county judge received, to pay the salary of such clerk.

The solution of this question depends upon the construction to be given to that part of section 2395 above quoted. We think the intention of the legislature was to provide as many assistants to the county judge as the county board should deem necessary, and generally limiting the payment of their salaries to the excess in fees over the amount of the county judge's salary; but we also think the legislature did not intend to put such a limitation upon the payment of salary to one assistant, to be the clerk of the county court, if the county board deemed it necessary. The office of a proviso in a statute is usually to modify the operation of that part of the statute immediately preceding the pro-

viso, or to except something from the operation of the statute which would otherwise have been within it. 36 Cyc. 1161, 1162; 25 R. C. L. 985, sec. 232. The proviso in section 2395 clearly contemplates that in counties having a population in excess of 3,000, if the county board deems it necessary, an assistant, who shall be the clerk of the county court, shall be appointed, regardless of the amount of fees earned by the office, and that the salary of such clerk shall be paid out of the county general fund.

Defendant contends that plaintiff's appointment was valid only until the taking effect of section 2395, Comp. St. 1922, and that thereafter she was not authorized to act as clerk of the county court, because she was not reappointed and there was no approval of the appointment nor salary fixed by the county board after the new act took effect. We think this position is untenable. The law in force in 1919 authorized the appointment of an assistant to act as clerk of the county court, and further provided that such appointment should be approved and salary fixed by the county board. While the law of 1919 (Laws 1919, ch. 201) was repealed, yet these provisions, in effect, were carried forward and reenacted into the law of 1921. The provisions of section 2395, relative to the appointment of a clerk of the county court and the fixing of salary, was but a continuation of the law previously in force. Under the circumstances, no new appointment was necessary. *Gage County v. Wright*, 86 Neb. 347; 36 Cyc. 1223.

Defendant further contends that the petition did not state a cause of action, because it was not alleged that plaintiff had qualified by taking the oath of office, required by the statute. The petition alleged that plaintiff was duly and legally appointed and that she had acted as such officer and performed the duties of the office, and, in fact, salary was paid from the time of that appointment until the 14th day of April, 1921. The words "duly and legally appointed" signify and mean that the appointment was regularly made and in conformity with the requirements of the law. *Rogers v. Trumble*, 86 Neb. 316. If defendant desired to raise

the question that the plaintiff had not qualified by taking the oath of office, it should either have moved for a more specific statement of the petition, or have made a direct allegation to that effect in its answer.

We find no error in the record. The judgment is

AFFIRMED.