THE STATE OF NEVADA, Ex Rel. MARJORIE B. JONES, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT, in and for the County of Washoe, Department No. 1 Thereof, Et Al., Respondents.

No. 3293

December 16, 1939.                    96 P (2d) 1096.

*Platt & Sinai,* for Petitioner:

462

*Thatcher & Woodburn,* for Respondents:

**OPINION**

By the Court, TABER, C. J.:

In June 1936 Allan Jones and Marjorie B. Jones, at that time husband and wife, entered into a "Property Settlement Agreement" which included the following provisions regarding their minor child, Theodore A. Jones: "The wife shall have the custody and control of the said child and of his education until he attains the age of twenty-one years without any interference whatever on the part of the husband. The wife agrees that she will, so long as she receives the payments provided for herein, properly maintain, care for and educate the said child and subject only to this agreement she may expend the said payments in accordance with her uncontrolled discretion. It is agreed that the husband shall have the right to visit the said child at reasonable times. Furthermore, the parties agree to endeavor to arrange

vacation periods during which the child may be with the husband. It is further agreed that the child may not be removed from the United States of America without the written consent of the husband."

In July 1936 in Dept. No. 1 of the Second judicial district court, Washoe County, said Marjorie B. Jones was awarded a decree of divorce from said Allan Jones, the decree containing the following provisions: "Further ordered, adjudged and decreed, that the written agreement entered into by plaintiff and defendant, dated June 6, 1936, settling any and all property rights between them, providing that plaintiff have custody of child, and also with reference to the support, maintenance and education of the minor child of the parties by the defendant is hereby approved, adopted and confirmed by this Court, and the parties hereto are directed to carry out the provisions of said agreement."

In June 1939 said Allan Jones noticed a motion in said district court for an order changing and amending the portion of the decree of divorce hereinbefore quoted. Thereafter, in the same month, said Marjorie B. Jones appeared specially for the purpose of attacking the jurisdiction of the district court to hear said motion.

After a hearing, the district court decided that it had jurisdiction to hear and determine the motion. Petitioner then applied to this court for a writ of prohibition.

District court rule XLV reads as follows: "No judgment, order, or other judicial act or proceeding, shall be vacated, amended, modified, or corrected by the court or judge rendering, making, or ordering the same, unless the party desiring such vacation, amendment, modification, or correction shall give notice to the adverse party of a motion therefor, within six months after such judgment was rendered, order made, or action or proceeding taken."

Section 9462 N. C. L. 1929 provides: "The court, in granting a divorce, shall make such disposition of, and

provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and when, at the commencement, or during the pendency, of the suit, it shall be made to appear to the court, or to the judge, in vacation, that any child of the wife, whether she be plaintiff or defendant, which is too young to dispense with the care of its mother, or other female, has been or is likely to be, taken or detained from her, or that any child of either party, has been, or is likely to be taken, or removed, by, or at the instance of, the other party, out of the country, or concealed within the same, it shall be the duty of the court, or of such judge in vacation, forthwith to order such child to be produced before him, and then to make such disposition of the same, during the pendency of the suit, as shall appear most advantageous to such child, and most likely to secure to it the benefit of the final order to be made in its behalf; and all such orders may be enforced, and made effectual, by attachment, commitment, and requiring security for obedience thereto, or by other means, according to the usages of courts, and to the circumstances of the case; provided, the court, upon good cause shown, may change the custody of such minor children, if they should be satisfied that such change will be for the welfare of such children."

It is contended by petitioner that, as the motion for modification was noticed nearly three years after rendition of the judgment, the district court is without jurisdiction to hear and determine it, by reason of the provisions of said rule XLV.

Petitioner also relies upon the rule that, after final decree of divorce, there can be no change in the award of alimony, or in the provisions for the support of minor children, unless the right to make such changes is reserved by the court in its decree, or is given by statute. Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638. She takes the position that the district court did not

reserve jurisdiction to modify the provisions of the decree relating to the custody of the minor child by approving, adopting and confirming the written agreement of June 1936, and that neither section 9462 N. C. L. 1929 nor any other statute confers upon the trial court the right to make such modifications. Said section 9462 is interpreted by petitioner as limiting and restricting the jurisdiction of the district court to change the custody of children to definite periods of time, namely, at the commencement of the action, while it is pending, or upon the entry of the judgment and decree of divorce.

Respondents' contentions are: (a) That under the provisions of section 9462 of the Nevada Compiled Laws of 1929 there is a statutory reservation of jurisdiction permitting a change of the custody of said child, which said reservation gives the court granting the decree a continuing jurisdiction over the said child during its minority; (b) that the decree as to the custody of the minor child was not final, for the reason that the provisions of paragraph 6 of the agreement, supra, which agreement was merged into the decree, plainly indicate an unfinished determination by the court as to the custodial rights of the father during vacation periods.

■ This is the first time the court has been called upon to decide the first (a) of respondents' said contentions. We have given careful consideration to the provisions of section 9462 N. C. L. 1929, and are satisfied that the proviso at the end of that section confers upon the district court in a divorce action the jurisdiction, upon good cause shown, to modify provisions in the decree with respect to the custody of minor children after, as well as before, rendition of final decree, at any time during the minority of such children.

■ There being a conflict between district court rule XLV and the proviso in section 9462 N. C. L. 1929, the proviso must be held to control. Twaddle v. Winters, 29 Nev. 88, 108, 85 P. 280, 89 P. 289; 110 A. L. R. 43–44; Van Ingen v. Berger, 82 Ohio St. 255, 92 N. E.

433, 19 Ann. Cas. 799, 801–802; 14 Am. Jur. 357–358, sec. 152.

The views above expressed make it unnecessary to consider other questions discussed in the briefs and arguments.

It is ordered and adjudged that the alternative writ be quashed, and these proceedings dismissed.

### ON PETITION FOR REHEARING

January 31, 1940.                                  98 P. (2d) 342.

For former opinion, see 59 Nev. 460, 96 P. (2d) 1096.

*Platt & Sinai,* for Petitioner.

*Thatcher & Woodburn,* for Respondents.

### OPINION

By the Court, TABER, C. J.:

Petitioner seems to take the view that our decision in this case (59 Nev. 460, 96 P. (2d) 1096) in effect reverses rules heretofore laid down by this court, and which have

been in force for thirty years. But this court, a little over eight years ago, in an opinion written by Chief Justice COLEMAN, took pains to say that: "We do not wish to be understood as holding that a decree might not be modified as to the custody of children even if the authority to do so were not reserved. On this point we express no opinion." Elsman v. Elsman, 54 Nev. 20, at page 30, 3 P. (2d) 1071, at page 1072.

In the case of Silva v. Second judicial district court in and for Washoe County, 57 Nev. 468, 66 P. (2d) 422, the court did not pass on the question whether a district court can modify a divorce decree, insofar as it relates to the custody of minor children, in a case where jurisdiction to do so is not reserved in the decree.

■■ Counsel contends that we have overlooked well-established rules, including our own decisions, relative to the construction of provisos in statutes. We have not overlooked the general rule that the operation of a proviso is usually confined to the clause or distinct portion of the enactment which immediately precedes it. But, as stated in 59 C. J. at pp. 1088, 1089, "The cardinal rule that, in construing statutes, the court must ascertain and give effect to the legislative intent applies to the construction of provisos." See, also, 59 C. J. 1090, sec. 640, citing State ex rel. Pittson v. Beemer, 51 Nev. 192, 272 P. 656; 25 R. C. J. 986, n. 18.

■ Section 9462 N. C. L. 1929 was quoted in full in the original opinion. The first clause provides for the disposition of the minor children at the time of granting the divorce. To construe the proviso as being limited in its operation to the portion of said section following the first clause would be unreasonable because: First, such construction would make the proviso mere surplusage; second, it would authorize a change of custody of the minor children only when they are too young to dispense with the care of the mother or other female and have been or are likely to be taken or detained from her, or when they have been or are likely to be taken or

removed by or at the instance of one of the parties out of the country, or concealed within the same. Except under these particular circumstances the trial court would thus be left without power, under the statute, to change the custody of minor children at the commencement or during the pendency of the suit. As the first clause of the section provides for the disposition of the minor children at the time of granting the divorce, the only reasonable interpretation of the proviso is to hold that it empowers the district court, upon good cause shown, to change the custody of the minor children after as well as before the decree, at any time during the minority of such children. Whether the death of one or both of the parents would make any change in this rule is a question not presented in this case.

The petition for rehearing is denied.