STATE OF NEBRASKA EX REL. ARTHUR BOTTOLFSON, APPELLANT, V. SCHOOL BOARD OF SCHOOL DISTRICT NO. R 1 OF CEDAR AND DIXON COUNTIES, NEBRASKA, ET AL., APPELLEES.

103 N. W. 2d 146

Filed May 6, 1960.  No. 34761.

*Addison & Addison,* for appellant.

*Gordon C. Gobel,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an appeal in an action in the district court for Cedar County, Nebraska, wherein in the name of the State of Nebraska on relation of Arthur Bottolfson, relator, an affidavit and petition were filed, the purpose of which was to secure a peremptory writ of mandamus against the School Board of School District No. R 1, a Class II school district of Cedar and Dixon Counties, Nebraska, and the individual members of the board, respondents, requiring the board to sign a petition to transfer the southwest quarter of Section 16, Township 31 North, Range 3 East of the 6th P. M., in Cedar County, Nebraska, which land is owned by the relator and is in School District No. R 1, to School District No. 32, which is a Class I school district. The request was made pursuant to the following which is a part of section 79-402, R. S. Supp., 1957: "* * * and provided further, that school boards or boards of education shall sign such petitions when requested to do so by persons desiring to transfer their land from a Class II or III district to a Class I district or another Class II or III district when such persons have personally paid tuition

for their children to attend school in the other district over a period of two or more years or reside nearer the schoolhouse in the other district than the schoolhouse in their own district." This was an amendment to section 79-402, R. S. Supp., 1955, which originally was a section of a bill enacted into law by the 1949 session of the Legislature. This was Legislative Bill 1, Laws 1949, c. 256, p. 689.

To the affidavit and petition the respondents filed an answer and an amendment thereto. By the answer the material allegations of fact are not denied. In fact by stipulation in the bill of exceptions their truth is admitted.

By the answer and the amendment thereto the respondents challenge the constitutionality of the statutory provision which is the basis of the claimed right of the relator to the peremptory writ of mandamus. It is charged specifically that the statutory provision is violative of Article XIV, section 1, Constitution of the United States, and of Article I, section 3, Constitution of Nebraska, and generally that it is "contrary to the fundamental law of the Constitution and void."

The case was tried to the court and the writ was denied. It was denied on the ground that the statutory provision is unconstitutional and void.

The relator has appealed from this judgment. He will be hereinafter referred to as the appellant. The respondents will be referred to as appellees.

By the assignments of error which require consideration here the appellant asserts generally (1) that the court erred in holding that the provision of section 79-402, R. S. Supp., 1957, is unconstitutional; (2) that the court erred in holding that the provision which is purportedly an amendment to section 79-402, R. S. Supp., 1955, is in fact an amendment to section 79-403, R. S. Supp., 1955, and accordingly unconstitutional; (3) that the court erred in holding that the provision is arbitrary and creates an unlawful classification and distinc-

tion between persons and property, and therefore unconstitutional; and (4) that the court erred in holding that the provision is unconstitutional for the reason that no provision is made for notice and hearing as a prerequisite to a transfer of land at the request of a resident.

In order to determine the questions presented it becomes necessary to trace the history of section 79-402, R. S. Supp., 1957, from the date of its original enactment in 1949 to at least the date of the commencement of this action in the district court. As pointed out the original section was enacted into law as a section of Legislative Bill 1, Laws 1949, c. 256, p. 689. By its title it was designated an act to revise, adopt, and establish a code of laws for the State of Nebraska relating to schools and to repeal Chapter 79, R. S. 1943, all amendments contained in R. S. Supp., 1947, and a group of bills and a part of another of the Sixty-first session of the Legislature. This bill consisted of 515 sections and covered 177 pages in the session laws of that session of the Legislature. This section in its entirety as originally enacted is as follows: "The county superintendent shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five per cent of the legal voters of each district affected. Such officer shall have the discretionary power to annex any territory, not organized into districts, to any existing district; Provided, changes affecting cities or villages shall be made upon the petition of the board of education of the district or districts affected."

It is observable that the subjects or powers declared by the section are creation of new districts from other districts or change of the boundaries of any district on petition of 55 percent of the legal voters of each district affected, except that where the changes affect cities or villages the petition shall be by the board of education, and discretionary power of the county superintend-

ent to annex any territory not organized into districts to any existing district.

This section was amended by section 2 of Legislative Bill 92 by the Legislature at its session in 1951. Laws 1951, c. 276, § 2, p. 928. There was no substantial departure from the powers and duties prescribed by the original section. The following powers and duties however were added: The county superintendent was required to give notice of and to conduct hearings, and it was provided that a newly enlarged district should assume any indebtedness previously incurred by any one or more districts annexed, unless otherwise specified in the petitions.

It is pointed out that neither the title to this amendatory act nor the section as amended in 1951 contained any direct or inferential reference to the subject contained in the provision under attack in this action.

By Legislative Bill 279, Laws 1953, c. 295, § 1, p. 999, the Legislature amended section 79-402, R. S. Supp., 1951. The only material change made was a requirement that any plan for reorganization of a school district must be submitted to the state committee for school district reorganization and be approved before hearing by the county superintendent.

This bill contained two new sections, or sections which were not amendatory of section 79-402, R. S. Supp., 1951. These sections have no reference to the substance of section 79-402, R. S. Supp., 1951, but only to petitions and proceedings in case of an attempt to reorganize by a group of districts.

As was true with relation to the 1951 amendment there is no reference in the title nor the act itself to the subject contained in the provision under attack.

By Legislative Bill 305, Laws 1955, c. 315, § 3, p. 973, the Legislature amended section 79-402, R. S. Supp., 1953. The only material change, if it may be regarded as material, was the addition of Class III school districts in the first sentence of the proviso, so that the proviso

pertained to Class III school districts as well as to cities and villages. As disclosed by the bill, the amendment is separately referable to section 79-402, R. S. Supp., 1953, although the bill contains 10 sections. An examination of the title and the body of the section as amended discloses that the subject and purpose of the provision under examination here was not introduced.

As has already become evident section 79-402, R. S. Supp., 1955, was amended in 1957. This was done by Legislative Bill 582, Laws 1957, c. 342, § 1, p. 1181. The title to that bill is the following: "AN ACT to amend sections 79-402, 79-426.09, and 79-426.15, Revised Statutes Supplement, 1955, relating to schools; to change the procedure for reorganization of school districts and making other changes as prescribed; to provide for meetings of special committee as prescribed; and to repeal the original sections and also sections 79-426.20 and 79-426.21, Revised Statutes Supplement, 1955."

Examination of this title discloses no reference to any right or procedure of a person or persons to have land transferred from one school district to another for any reason, and particularly on the basis of school attendance and distance from school attended. Likewise there is no reference to a mandatory right of an owner of land to have a school board or board of education sign a petition for a transfer of land from one district to another on request of individual landowners.

This history discloses that nothing is to be found in the original text of section 79-402, R. S. Supp., 1949, in the amendments thereto, or the titles to the amendatory acts which will permit it to be said that attention was directed to this amendatory provision. It was a subject matter foreign thereto, and in nowise germane.

Article III, section 14, Constitution of Nebraska, contains the following: "* * * No bill shall contain more than one subject, and the same shall be clearly expressed in the title. * * *"

This provision requires, as is stated in Appel Mercan-

tile Co. v. Barker, 92 Neb. 669, 138 N. W. 1133, that: "The title of an act of the legislature must be such as to give reasonable notice to the members of the legislature, and others interested, of the general subject upon which it is proposed to legislate." See, also, West Point Water Power & Land Improvement Co. v. State ex rel. Moodie, on rehearing, 49 Neb. 223, 68 N. W. 507; State v. Burlington & M. R. R. Co., 60 Neb. 741, 84 N. W. 254.

In Wayne County v. Steele, 121 Neb. 438, 237 N. W. 288, it was said: "The test of the validity of amendments is whether their provisions are 'germane' to the provisions of the statute sought to be amended."

The basic purpose of the constitutional provision quoted herein is set forth in Omaha Parking Authority v. City of Omaha, 163 Neb. 97, 77 N. W. 2d 862, as follows: "The purpose of this provision limiting a legislative enactment to the object expressed in the title is to challenge the attention of those affected by the provisions of the act and to prevent surreptitious legislation."

As a guide to a determination of whether or not Article III, section 14, Constitution of Nebraska, is violated in an instance where the sufficiency of the title to an amendatory act is brought into question, this court in Miller v. Iowa-Nebraska Light & Power Co., 129 Neb. 757, 262 N. W. 855, quoted with approval the following from Jones v. Mayor and Council of Columbus, 25 Ga. 610: " 'The title of an act amending a former act of the legislature may be looked to, as well as that of the original act, to ascertain if the amending act has any matter different from what is expressed in the title.' "

As a further guide the following was quoted in the same opinion from 59 C. J., Statutes, § 400, p. 819: " 'Where the title of an amendatory or supplemental act sufficiently indicates the nature of the legislation in it contained, or the nature of the changes or additions by it made, it is immaterial whether or not the provi-

sions of the act are covered by the title of the act amended or supplemented.' "

On application of these statements of legal principle under Article III, section 14, Constitution of Nebraska, to the provision of section 79-402, R. S. Supp., 1957, which is under attack, and the history of the section as outlined herein it becomes apparent that this subject matter never appeared and it was not expressed in the original section or in the title to the original section or in the title to any amendatory act. Accordingly the provision is unconstitutional to the extent that the district court found by its judgment.

This conclusion disposes of the primary question of constitutionality presented to the district court and to this court on appeal favorably to the appellees. It appears however that some explanatory observations with reference to remaining assignments of error are proper and in order. Attention is therefore directed to an assignment that the court erred in holding that the provision in question was an amendment to section 79-403, R. S. Supp., 1955, and not to section 79-402, R. S. Supp., 1955.

This may be disposed of by the statement that the court's finding that this provision was an amendment to section 79-403, R. S. Supp., 1955, was erroneous, but it cannot be said to impair the ultimate judgment of the court. It is rejected as having no significance in the determination of the case. The amendment was to section 79-402, R. S. Supp., 1955, and there can be no doubt about that. No opinion is expressed as to constitutionality if it had been enacted as an amendment to section 79-403, R. S. Supp., 1955.

This provision read separately, or together with the entire section, either before or after the amendment, did not deal with a right of the appellant to have his property transferred but only with a right on his part to have the school board of his district sign a petition for transfer. Obviously if the amendment was constitu-

tional there could be no transfer without going through the processes designated in section 79-402, R. S. Supp., 1957. Under these 40 days is allowed within which to submit proposals to the state committee. The state committee is allowed 40 days to review the proposals. The county committee is allowed 15 days thereafter to give notice and hold a public hearing. The county committee is then required to hold the petitions for 10 days and then file them with the county superintendent. The county superintendent is then required to advertise and hold a hearing for determination of the validity of the petitions.

The transcript herein discloses that on August 4, 1959, the appellant requested the president of school district No. R 1 to sign a petition for transfer of land. It appears that the affidavit and petition herein were filed August 6, 1959. On November 10, 1959, the judgment which is the basis of this appeal was rendered.

The Legislature of 1959 again amended the section which amendment became effective September 28, 1959. Legislative Bill 244, Laws 1959, c. 385, p. 1333. The right of a property owner to have a petition signed for transfer of his property to a Class I district was taken away by this amendment.

The question of whether or not the issue presented to the district court became and is moot because of this we do not decide, since it is not presented by the briefs. It may not however be well contended, in the light of procedures analyzed, that even if the provision which furnishes the basis for this action were held constitutional that the reversal of the judgment of the district court would or could effect the transfer which the appellant seeks. The lapse of time statutorily provided for necessary procedures would prevent it.

The judgment of the district court is affirmed.

AFFIRMED.