RASTUS V. REBMAN ET AL., APPELLANTS, v. SCHOOL DISTRICT No. 1, HARLAN COUNTY, NEBRASKA, APPELLEE.

133 N. W. 2d 384

Filed February 19, 1965. No. 35816.

Person & Dier, for appellants.

Samuelson & Samuelson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

Appellants Rastus V. Rebman and Leona S. Rebman are the owners of 400 acres of land in School District No. 1, Harlan County, Nebraska, whereon they reside with their two children of school age. They petitioned the freeholders' board as provided in section 79-403, R. S. Supp., 1961, for the transfer of their land from School District No. 1, Harlan County, Nebraska, in which Republican City is located, to School District No. 2, Harlan County, Nebraska, which is hereafter referred to as the Alma district. The freeholders' board, consisting of the county superintendent, county clerk, and county treasurer of Harlan County, after a public hearing ordered the change in boundaries and attached the appellants' land to the Alma district.

The appellee herein, School District No. 1 of Harlan County, Nebraska, appealed the matter to the district court for Harlan County where the appellants were designated as plaintiffs and the appellee as defendant. The parties will be referred to hereafter as they were termed in district court except at times the defendant district will be called the Republican City district and the plaintiffs the petitioners. The district court for Harlan County found for the defendant. It found that all the requirements of section 79-403, R. S. Supp., 1961, had been met except that contained in subdivision (4) thereof which the trial court construed as requiring that the plaintiffs' residence be at least a half mile closer to the schoolbus line in the Alma district than the busline in the Republican City district before the transfer could be effected. It found plaintiffs had failed to show this fact and that the failure was fatal to their cause, and dismissed the petition.

Plaintiffs bring their case to this court on appeal after their motion for new trial was overruled. The only question presented is whether the trial court erred in its application of subdivision (4) of section 79-403, R. S. Supp., 1961, to the facts disclosed.

The evidence shows that the plaintiffs' home is 5.8 miles from the schoolhouse in the Republican City district and 8 miles from the schoolhouse in the Alma district. The distance from their residence to the Alma district's bus route is 3¼ miles. For 7 years the Republican City bus picked up plaintiffs' children at their residence, continuing to do so until the day their children were taken by the plaintiffs to the school in the Alma district, to which district they privately paid tuition. After the children entered the Alma school, the Republican City bus regularly stops with children 2¼ miles from their home and occasionally within 1¼ miles therefrom.

Prior to the amendment of section 79-403, R. R. S. 1943, in the year 1961, provisions for transferring land

from one district to another had existed since 1909. The previous sections of statute authorizing the transfer had been amended from time to time as set forth in the history appended to section 79-403, R. R. S. 1943, but previously to 1961 had always required that the residence of the parties be more than 2 miles distance from the schoolhouse in their own district and a half mile closer to the schoolhouse in the adjoining district, the distance to be measured by the shortest route possible upon section lines or traveled roads.

It is obvious that the changes in transportation throughout the years involving the employment of buses to bring the children to school led to the amendment of this statute in 1961. After the amendment the pertinent portion of section 79-403, R. S. Supp., 1961, now under consideration reads: "The petition shall state the reasons for the proposed change and show: * * * (4) that they (petitioners) are each more than two miles from the schoolhouse in their own district, and at least one half mile nearer to the schoolhouse *or a school bus route* of the adjoining district, which distance shall be measured by the shortest route possible upon section lines or traveled roads open to the public * * *." (Italics supplied.)

Plaintiffs maintain that under the wording of the quoted subdivision (4) of section 79-403, R. S. Supp., 1961, the only requirements for transfer are that their residence be more than 2 miles from the schoolhouse in their own district and at least one-half mile nearer to the schoolbus route of the adjoining district than the schoolhouse in their own district. They contend it is unnecessary to compare the distances between the schoolbus routes of the two districts and in this instance where it is shown the schoolbus route of the Alma district is closer to their residence than the schoolhouse of the Republican City district that is sufficient.

The statute before us as amended in 1961 was undoubtedly designed to meet several situations. In some

instances the adjoining district to which transfer is sought maintains the only schoolbus route involved. In other cases there are two schoolhouses wholly without buslines. Here both districts operate buses. The Legislature obviously was endeavoring to tailor the statute to fit the several conditions. It is not surprising, therefore, that the wording of the statute presents some ambiguities. In the present case where both districts maintain schoolbus routes our problem is to relate the meaning of the statute to that single situation.

We are not impressed by the plaintiffs' argument that a strict construction of the wording of the cited provision of section 79-403, R. S. Supp., 1961, be adopted in the present instance dispensing with the comparison of the distance between the schoolbus routes of the two districts and relating it wholly to the distance between the schoolhouse of the plaintiffs' district and the busline of the adjoining district. It would seem that here the distances should be applied from schoolhouse to schoolhouse and from schoolbus route to schoolbus route. Our adoption of the plaintiffs' construction would patently result in the dismemberment of many school districts at the will of freeholders and encourage unnatural and expensive competition between the adjoining districts with respect to buslines. We cannot think the Legislature intended any such result.

In Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119, this court held: "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. * * * Where the general intent of the Legislature may be readily ascertained, yet the language used in a statute gives room for doubt or uncertainty as to its application, courts may resort to historical facts or general information to aid them in interpreting its provisions."

Again in Hevelone v. City of Beatrice, 120 Neb. 648, 234 N. W. 791, it was said: " 'In the exposition of statutes, the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity.' Kelley v. Gage County, 67 Neb. 6."

It seems reasonable to assume the Legislature intended to allow a transfer only in case the adjoining district maintained facilities nearer and more convenient to the petitioners' residence. That was historically true in the previous statutes. We think in the present situation the Legislature by its amendment in 1961 intended to require the comparison of the distances from the petitioners' residence to the schoolbus routes of the two districts and made that comparison determinative of the issue.

We conclude that under subdivision (4) of section 79-403, R. S. Supp., 1961, where the petitioners' residence is closer to the schoolhouse in their own district than that of the adjoining district and both districts maintain bus routes, the distance to the schoolbus route of the district to which the transfer is sought must be one-half mile closer to the petitioners' residence than the route in the petitioners' district to entitle the petitioners' land to be transferred.

It follows that the ruling of the trial court was without error and its judgment should be and is affirmed.

AFFIRMED.