IN RE FREEHOLDERS PETITION OF HINZE.
NORA HINZE ET AL., APPELLEES, v. SCHOOL DISTRICT NO. 34 OF YORK COUNTY, NEBRASKA, APPELLANT.

136 N. W. 2d 434

Filed July 16, 1965. No. 35928.

John E. Dougherty, for appellant.

Roderick R. Perry and Guy C. Chambers, for appellees.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

WHITE, C. J.

The district court detached petitioners' land from School District No. 34 of York County and attached it to School District of York. School District No. 34 has appealed to this court, and the question presented is whether petitioners have complied with the provisions of section 79-403, R. S. Supp., 1961, which was applicable at the time of the application for transfer on June 12, 1962 (Laws 1961, c. 397, § 1, p. 1207).

A preliminary question is presented by appellees as to the right of School District No. 34 to appeal. We have previously overruled a motion to dismiss this appeal, but the question is presented in the briefs and requires a disposition in this court. It is firmly established law of this state that a school district, although a body corporate under the statutes of the state, may not maintain an action involving a change in boundaries of the school

district, and has no legal interest in maintaining the boundaries of the district. The district has no territorial integrity and the change or alteration in the boundaries must originate with the legal voters thereof under the appropriate statutory procedure. Cowles v. School District, 23 Neb. 655, 37 N. W. 493; Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37; Board of Education v. Winne, 177 Neb. 431, 129 N. W. 2d 255. But, the objection was not asserted in district court at any time and for the first time was raised here on appeal. The district court clearly had jurisdiction of the subject matter of the action under the statute and holdings of this court. See McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480. It is clear that what we have here is a want of legal capacity to sue or to appeal, and want of legal capacity to sue is waived unless raised by demurrer or answer. Kuncl v. Kuncl, 99 Neb. 390, 156 N. W. 772; Gentry v. Bearss, 82 Neb. 787, 118 N. W. 1077. See, also, 39 Am. Jur., Parties, § 106, p. 979. And, it is fundamental that the grounds for the assertion of error on appeal must be presented and ruled on by the trial court. It is our conclusion, notwithstanding the rule that a school district may not maintain an action or appeal involving the change of boundaries of a school district, that where objection is not made in the district court to its incapacity, its incapacity is waived and may not be raised for the first time on appeal to this court. Consequently, the case is before us here on the merits.

The pertinent provisions of section 79-403, R. S. Supp., 1961, provide as follows: "* * * file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any lands described therein set off from the district in which it is situated and attached to some other district. The petition shall state the reasons for the proposed change and show: (1) That the land therein described is either owned by the petitioner or petitioners or that he or they hold a school land lease under section 72-232, are in

possession or constructive possession as vendee under a contract of sale * * *; (2) that the land is located in a district that adjoins the district to which it is to be attached; (3) that the territory proposed to be attached has children of school age residing thereon with their parents or guardian; and (4) that they are each more than two miles from the schoolhouse in their own district, and at least one half mile nearer to the schoolhouse or a school bus route of the adjoining district, which distance shall be measured by the shortest route possible upon section lines * * *." The original petition was filed with the board on June 12, 1962.

It is necessary, of course, for petitioners to show compliance with the four jurisdictional requirements of the statute. The board and the district court found that they had complied and granted the transfer to the School District of York. On appeal, School District No. 34 asserts as error the finding of compliance with requirements (1) and (4) of the statute and concedes compliance with (2) and (3). A discussion of requirement (4) is all that is necessary to dispose of this appeal. Petitioners' land is about 6 miles from the nearest border of the School District of York. It consists of 240 acres of land, is farmed as a unit, and has two dwellings on one portion of it. Petitioners Gerald Hinze, his wife, and three children reside in one dwelling, and the other dwelling is occupied by Nora Hinze and her husband, parents of Gerald. The distance from appellees' farm to the schoolhouse in Waco School District No. 34 is 9.6 miles. The distance to the schoolhouse of the School District of York is approximately 13 miles. At the time the petition was filed the nearest point on the schoolbus route of the School District of York was 7 miles from appellees' land, and therefore appellees' land was 2.6 miles closer to the schoolbus route of the School District of York than to the schoolhouse in School District No. 34. But, the evidence is that the schoolbus route of School District No. 34 runs right by the appel-

lees' land. The Thayer District was merged with School District No. 34 in June 1962, and the bus routes both before and after ran right by the appellees' property.

The facts in this case are undisputed. What does the statute mean? Do we compare distances between schoolbus routes and schoolhouses or can we compare the distance to the Waco (No. 34) schoolhouse (9.6 miles) to the distance to the York schoolbus route (7 miles)? The School District of York schoolbus route is more than one-half mile nearer than the schoolhouse in School District No. 34 at Waco. Admittedly the language of the statute is open to that interpretation. Since the briefs were filed in this case, however, we have passed on this precise question. In Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384, we said as follows: "It seems reasonable to assume the Legislature intended to allow a transfer only in case the adjoining district maintained facilities nearer and more convenient to the petitioners' residence. That was historically true in the previous statutes. We think in the present situation the Legislature by its amendment in 1961 intended to require the comparison of the distances from the petitioners' residence to the schoolbus routes of the two districts and made that comparison determinative of the issue. * * * We conclude that under subdivision (4) of section 79-403, R. S. Supp., 1961, where the petitioners' residence is closer to the schoolhouse in their own district than that of the adjoining district and both districts maintain bus routes, the distance to the schoolbus route of the district to which the transfer is sought must be one-half mile closer to the petitioners' residence than the route in the petitioners' district to entitle the petitioners' land to be transferred."

The above language needs no further elaboration. The adjoining School District of York did not and could not maintain bus facilities nearer and more convenient to appellees' farm and the children residing thereon. The bus route of School District No. 34 was the same as the

Thayer District, with which it merged about the same time the petition herein was filed. It ran right by the appellees' land. Consequently in light of our holding in the Rebman case, there was a failure of proof of compliance with subdivision (4) of the statute.

The judgment granting detachment is reversed and the cause remanded with directions to dismiss appellees' petition.

REVERSED AND REMANDED.