IN RE TRANSFER OF LAND FROM THE SCHOOL DISTRICT OF WAKEFIELD.
MARY ALICE JOHNSON, APPELLEE, v. SCHOOL DISTRICT OF WAKEFIELD IN DIXON, WAYNE, AND THURSTON COUNTIES, NEBRASKA, A PUBLIC CORPORATION, ET AL., APPELLANTS.
148 N. W. 2d 592

Filed February 17, 1967. No. 36429.

Harry N. Larson, for appellants.

Addison & Addison, for appellee.

Person & Dier, for amicus curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

CARTER, J.

This is an action involving a transfer of land from the Wakefield School District to the Wayne School District. The trial court found that the transfer was in accordance with section 79-403, R. S. Supp., 1963. Certain resident taxpayers and voters in the districts involved, who were parties to the action, appealed to this court.

The record shows that the Wakefield School District is located in Dixon, Wayne, and Thurston Counties and that the county superintendents, county clerks, and county treasurers constitute a board to hear and determine applications for the transfer of lands from one school district to another across county lines in accordance with section 79-403, R. S. Supp., 1963. In August 1965, Mary Alice Johnson filed her application with said board seeking the transfer of the southwest quarter and the south half of the southeast quarter of Section 12, Township 26 North, Range 4 East of the 6th P.M., Wayne County, Nebraska, from the Wakefield School District to the Wayne School District. Notice and hearing was accorded the parties. Thereafter on September 8, 1965, the board granted the application. An appeal was taken to the district court for the County of Wayne which, after a trial, affirmed the action of the board. An appeal was taken from the judgment of the district court, which appeal is the subject of the instant case in this court.

The record shows that the trial court sustained a motion to dismiss the appeal of the Wakefield School District for the reason that it was not a proper party. The motion to dismiss was overruled as to the school board members of the Wakefield School District and the resident taxpayers and voters joined in the action. The dismissal of the Wakefield School District from the action is assigned as error. This assignment of error is not well taken on the holdings in Board of Education v. Winne, 177 Neb. 431, 129 N. W. 2d 255, and Hinze v. School Dist. No. 34, 179 Neb. 69, 136 N. W. 2d 434.

The land requested to be transferred is owned by Mary Alice Johnson, the plaintiff, who is a resident of Powell, Wyoming. Glen Olson and his family occupy the land as a tenant, which occupancy has existed for 13 years last past. The family of Olson consists of his wife and three children. The eldest child, Randy, is 19 years of age. He was graduated from Wayne High School in 1965 and is now a student at Wayne State College. A daughter, Rhonda, is 17 years of age and is a senior in Wayne High School. The third child, Rita, is 15 years of age and is a sophomore in Wayne High School. Olson has admittedly paid tuition for his children to the Wayne School District for more than 2 years.

The land in question is bounded on three sides by lands within the Wakefield School District. It is bounded on the south by lands in a rural school district. The land is five-eighths of a mile from the closest point in the Wayne School District. The two districts are adjoining, however, in other areas. A paved road runs between Wakefield approximately 5 miles to the east and Wayne approximately 6 miles to the west. There is some issue about the nearness of schoolbus lines but the evidence shows that either school district would pick up the children by bus on the paved road passing their residence if the children were attending its school. The Wayne School District and the Wakefield School District are both Class III schools, both are fully approved and ac-

credited according to the laws of the state, and both are accredited by the North Central Association of Colleges and Secondary Schools.

The issue in the present case involves the meaning to be given to section 79-403, R. S. Supp., 1963. This says that the petition shall state the reasons for the proposed transfer and show the following: (a) The land is owned by or in the possession of the petitioners; (b) that the land is located in a district that adjoins the district to which it is to be attached; (c) that the land to be transferred has children of school age residing thereon with their parents or guardians; and (d) that they reside more than 2 miles from the schoolhouse in their own district and at least one-half mile nearer to the schoolhouse or schoolbus route of the adjoining district to be measured by the shortest route upon section lines or traveled roads, or that the route is more practicable and for at least half its distance is over hard-surfaced roads; "Provided, that the distance to the schoolhouse in the adjoining district shall not exceed the distance to the schoolhouse in their own district by more than six miles or that they have personally paid tuition for one or more of their children to attend school in the other district over a period of two or more consecutive years, * * *." It is not questioned that the requirements of subdivisions (a), (b), and (c) are met. It is the meaning of subdivision (d) that is the issue here.

It is the contention of the Wayne School District that even though plaintiff's land is not one-half mile closer to its schoolhouse or bus route than that of the Wakefield district schoolhouse, the fact that plaintiff's lessee has paid tuition for 2 years or more to the Wayne district is superior to the distance provision. The Wakefield district asserts that the tuition provision is an alternative provision only where the distance to the adjoining district schoolhouse is more than 6 miles distant from the school district in which he geographically resides.

It is fundamental that the Legislature has plenary con-

trol over the boundaries of school districts, a purely legislative matter. It is the intent of the Legislature with which we are here concerned. In determining that intent, we consider the history of the legislation and the reasonableness of an interpretation when weighed against an unreasonable or absurd construction evidently not intended by the Legislature. It is the duty of the court to place such an interpretation upon the statute after an examination of the object to be accomplished, the evils and mischief sought to be remedied, and the purpose to be subserved. Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384; Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119; Hevelone v. City of Beatrice, 120 Neb. 648, 234 N. W. 791; Safeway Cabs, Inc. v. Honer, 155 Neb. 418, 52 N. W. 2d 266.

The substance of section 79-403, R. S. Supp., 1963, had its origin in Laws 1909, chapter 117, section 1, page 451. Until the enactment of section 79-403, R. S. Supp., 1963, the payment of tuition played no part in the transfer of land from one school district to another under that section. Transfers during this period were primarily based on distance, roads, and road conditions. In 1963, the proviso with which we are here dealing first found its way into section 79-403, R. S. Supp., 1963. The construction to be placed on a proviso in a statutory enactment is of importance here.

The office and function of a proviso contained in a statute is to limit and qualify the preceding language of a statute and not to enlarge the effect of the statute. McDaniels v. McDaniels, 116 Ind. App. 322, 62 N. E. 2d 876. It is not the function of a proviso in a statute to enlarge the enacting clause. New Jersey State Board of Optometrists v. M. H. Harris, Inc., 14 N. J. Super. 66, 81 A. 2d 387. Generally, the operation of a proviso in a statute is confined to the clause or distinct portion of the enactment which immediately precedes it. State ex rel. Jones v. Second Judicial District Court, 59 Nev. 460, 96 P. 2d 1096, on rehearing, 59 Nev. 467, 98 P. 2d

342.  The office of a proviso is to limit or restrain the preceding enactments, and cannot be held to enlarge such enactments.  State v. Young, 74 Or. 399, 145 P. 647. The office of a proviso generally is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it as extending to cases not intended by the Legislature to be brought within its purview. Perry v. Larson, 104 F. 2d 728.  The office of a proviso is to restrict or explain the general terms of the act of which it forms a part, and not to add to the body of the substantive law nor to take anything therefrom.  Brown v. Patterson, 224 Mo. 639, 124 S. W. 1; State Public Utilities Commission v. Early, 285 Ill. 469, 121 N. E. 63.  The office of a proviso in a statute is generally either to except something from the enacting clause or to qualify or restrain its generality or to exclude some possible ground of misinterpretation of the statute, as extending to cases not intended by the Legislature to be brought within its purview, and not to confer a power or enlarge the enactment to which it is appended so as to operate as a substantive enactment itself.  Bird & Jex Co. v. Funk, 96 Utah 450, 85 P. 2d 831.

The foregoing rules appear to be supported by the declared law of this state.  In Lichtensteiger v. State, 89 Neb. 356, 131 N. W. 623, we quoted the following with approval:  " 'The proviso is generally intended to restrain the enacting clause, and to except something which would otherwise have been within it, or, in some measure, to modify the enacting clause.' "  In City of Lincoln v. Nebraska Workmen's Compensation Court, 133 Neb. 225, 274 N. W. 576, the following is cited:  " 'A proviso which follows and restricts an enacting clause general in its scope, should be strictly construed, so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and the burden of proof is on one claiming the benefit of the proviso.' "  See, also, Ford v. Boyd County, 111 Neb.

834, 197 N. W. 953; Chilen v. Commercial Casualty Ins. Co., 135 Neb. 619, 283 N. W. 366; State ex rel. City of Grand Island v. Union Pacific R.R. Co., 152 Neb. 772, 42 N. W. 2d 867.

There being nothing to the contrary in the proviso contained in section 79-403, R. S. Supp., 1963, it must be construed as a limitation and qualification of the substantive part of subsection (1)(d) of the act immediately preceding the proviso therein and may not be construed as an enlargement of the substantive portion of subsection (1)(d).

In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. Rebman v. School Dist. No. 1, *supra*. It seems inconceivable to us that the Legislature intended that a landowner in a school district should be permitted to transfer his land to another adjoining school district for the sole reason that he had a tenant with children of school age living on the land who had paid tuition to the adjoining district for 2 years or more. Such a construction would permit any person living anywhere in the district, under similar circumstances, to transfer to an adjoining district if he has paid tuition to such district for 2 years. The attrition of the amount of taxable real estate in the district might well result, by such means, in a dismemberment of many school districts. It could well result in a substantial reduction of the children of school age in the district to its serious detriment. As we said in Rebman v. School Dist. No. 1, *supra:* "We cannot think the Legislature intended any such result."

We point out that prior to the enactment of section 79-403, R. S. Supp., 1963, transfers of land from one school district to another were permitted on the basis of distances and road conditions, conditions that remain as matters of primary concern in the substantive portion of

subsection (1)(d) of the statute. We find no evidence of intent in the proviso to enlarge the enacting clause or the substantive portion of the statute which immediately precedes it in subsection (1)(d).

In consideration of what we have heretofore said, the proviso is a limitation on the substantive provisions of subsection (1)(d). So considered, the proviso means that the substantive provisions of subsection (1)(d) must be met except that a transfer will not be permitted if the distance to school is increased by 6 miles unless the parties seeking transfer have personally paid tuition for one or more children in the adjoining district over a period of two or more years. Since the additional distance in attending school in the adjoining school district would not exceed 6 miles, the alternative provision in the proviso can serve no useful purpose in the instant case.

We think the proper interpretation of the proviso as such, as well as the interpretation given to subsection (1)(d) as a whole, in view of the resulting evils as weighed against any benefits accruing therefrom, requires the construction we have given to subsection (1)(d). The construction contended for by the plaintiff is not a reasonable one under all the circumstances. Its ill effects are so great under such construction that we cannot conceive of its coinciding with the legislative intent. In Rebman v. School Dist. No. 1, *supra,* a case arising under the same statute and involving a similar problem, we said: "Our adoption of the plaintiffs' construction would patently result in the dismemberment of many school districts at the will of freeholders and encourage unnatural and expensive competition between the adjoining districts with respect to buslines. We cannot think the Legislature intended any such result."

The reasons given by the plaintiff for the transfer are based largely on the personal convenience of plaintiff's tenant, Olson, and an alleged fear of recrimination against his children because of former disputes with the

Wakefield School District. Some contention is asserted that the Wayne school is to be preferred over the Wakefield school. But the size of a school or minor differences in extracurricular activities are not important considerations. The evidence shows that both schools are good schools of equal class, with equal accreditation, and with practically the same curricula, and that no valid complaint can be made of the educational efficiency of either school. We discussed this same problem as follows in Roy v. Bladen School Dist. No. R-31, *supra:* "In that regard, we conclude that the Legislature did not intend, in this modern highway and transportation age, to enact a statute concerned with schools, distances, and education of pupils for the sole purpose of making convenient allocations of land to school districts based upon individual preferences or secular business reasons of owners having nothing to do with educational efficiency. No witness criticized the leadership, management, curricula, or efficiency of the Bladen Schools. As a matter of fact, all witnesses approved it as entirely satisfactory."

We conclude that the proviso in subsection (1)(d) of section 79-403, R. S. Supp., 1963, is limiting and qualifying language intended to limit only the scope of subsection (1)(d), and not intended as a substantive part of the act granting a new and independent ground for transferring land from one school district to another. We conclude further that the foregoing interpretation of section 79-403, R. S. Supp., 1963, is the more reasonable and avoids the unreasonable and chaotic results inherent in the construction of the statute advocated by the plaintiff. The judgment of the district court is reversed and the cause remanded to the district court with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.

SPENCER and BOSLAUGH, JJ., dissenting.

The problem in this case is not the office or function of a proviso, but rather what was the proviso included

in the 1963 amendment to section 79-403, R. S.. Supp., 1963.

L.B. 691, as introduced in the 1963 session of the Legislature, amended section 79-403, R. S. Supp., 1961, so as to authorize a transfer where the route to the schoolhouse in the adjoining district was more practicable, one-half or more of the distance was over hard-surfaced roads, and the distance to the schoolhouse in the adjoining district was not more than 6 miles greater. The 6-mile limitation was in the form of a proviso. Language authorizing a transfer where tuition had been paid for 2 or more consecutive years was inserted following the proviso by a standing committee amendment.

The question is whether the payment of tuition was intended to be separate ground for transfer or to be a part of the proviso. We think that the more reasonable construction of the statute is that the proviso consists of the 6-mile limitation on increased distance to the new schoolhouse and refers to a transfer based upon a more practicable route.

Prior to our decision in State ex rel. Bottolfson v. School Board, 170 Neb. 417, 103 N. W. 2d 146, section 79-402, R. S. Supp., 1957, authorized a transfer between Class III districts where tuition had been paid for 2 or more years. It is reasonable to assume that the Legislature intended to restore this method of transfer which had been eliminated by the Bottolfson case. The 1965 amendment to section 79-403, R. S. Supp., 1963, which is described as a clarification of the statute is consistent with this construction.