REQUESTED BY: William E. Peters, State Tax Commissioner, Nebraska Department of Revenue.
Does the amendment of section 77-2704(1)(i), 1977 Supp., by LB 357, prevent the appointment of the contractor as a purchasing agent for a city county hospital for which the contractor is doing construction work?
No.
Section 77-2704(1)(i), 1977 Supp., grants an exemption from sales and use taxes to purchases by any organization created exclusively for religious purposes, any nonprofit organization providing services exclusively to the blind, any educational institution established under the provisions of Chapters 14, 79, or 85, any private college or university, any hospital or skilled nursing facility or intermediate facility I licensed under sections 71-2017 to 71-2029
and organized not for profit, or any orphanage, or licensed child placement agency.
Section 77-2704(1)(m) gives the same exemption to purchases by the state or any county, township, city, village, or rural or suburban fire protection district, for use in a governmental capacity, or by any irrigation or reclamation district or the irrigation district of any public power and irrigation district.
Section 77-2702(3) provides that a contractor who incorporates tangible personal property belonging to him into property being improved shall be considered the consumer of such personal property, even though the owner of the real estate may be exempt.
Section 77-2704(1)(i) specifically provides that the contractor for the institutions itemized therein shall pay the tax, but goes on to provide that the institution shall be entitled to a refund of the taxes so paid equal to the sales tax percentage times 60 percent of the total contract price. There is no comparable provision for a refund for the governmental entities covered by section 77-2704(1)(m).
We are informed that in the past, in order to avoid having the contractor pay the tax, entities and organizations entitled to exemptions under either subsection (1)(i) or (1)(m) have executed instruments appointing the contractor the purchasing agent for the exempt entity, and the materials for the construction were purchased by the contractor in the name of the exempt entity, so that no tax was payable. This was particularly advantageous to those claiming exemption under subsection (1)(m), since the tax would otherwise be paid in full, with no refund, but it was sometimes to the advantage of those claiming exemption under subsection (1)(i), if the cost of materials exceeded 60 percent of the total contract price. As we understand it, your office has accepted this procedure in the past.
In 1977 the Legislature amended section 77-2704(1)(i) by the passage of LB 357, adding this language:
 "The appointment of purchasing agents shall not be recognized for the purpose of altering the status of construction contractors as ultimate consumers of tangible personal property incorporated into construction contracts."
The first question we must determine is whether this general language prohibits the use of the purchasing agent device by those claiming exemption under subsection (1)(m) as well as those claiming under subsection (1)(i), where the provision is found.
The language used is certainly very general, and does not specifically restrict its reach to subsection (1)(i). However, we have concluded that it should be so restricted, because, if it had been intended to have general application, it should have been adopted as an amendment to section77-2702(3), or set out in a separate section or subsection, instead of being added to a subsection dealing with a particular exemption.
In Johnson v. School District of Wakefield, 181 Neb. 372,148 N.W.2d 592 (1967), the court said:
 ". . . Generally, the operation of a proviso in a statute is confined to the clause or distinct portion of the enactment which immediately precedes it. . . ." (181 Neb. at 376).
Applying this reasoning to the case at hand, we believe that a provision contained in a subsection which deals with a distinct subject should be confined to that subject, in the absence of clear indication to the contrary. In an effort to further determine legislative intent, we have read the committee hearing and floor debate on the bill. There is little which casts much light on the subject, except that all of the discussion was about organizations mentioned in subsection (1)(i), mostly about hospitals. There was no mention of any governmental entities, although they, too, had used the purchasing agent device. We are therefore of the opinion that the amendment effected by LB 357 does not apply to subsection (1)(m).
Your problem, however, deals with an entity which would qualify for exemption under either subsection (1)(i) or (1)(m), since it is a hospital, but, at the same time it is owned by the county or city. In an opinion of this office, dated February 4, 1971, Report of the Attorney General 1971-1972, p. 22, we held that the operation of a county community hospital was a function of county government. Cities also have authority to establish and operate hospitals which are clearly city property. See sections 14-102,15-231, 16-239, 17-122. Therefore, purchases of materials for construction, additions to, or repairs of such hospitals by the county or city would qualify for exemption under subsection (1)(m), as purchases by the county or city.
Your question, then, is whether, since such hospital could qualify for exemption under subsection (1)(i), it is bound by the amendment effected by LB 357, and is precluded from using the purchasing agent device. We do not believe that it is. The city or county is not covered by subsection (1)(i), and if it chooses to regard itself as the purchaser (as it is), and to operate under subsection (1)(m), we see no reason why it cannot. If a county could use this device for construction of a courthouse, it should be able to do so for the construction of a hospital. You have honored purchasing agent arrangements in the past, and, since LB 357 did not completely outlaw them, we believe you may continue to do so, in situations not covered by the amendment.