REQUESTED BY: Avery L. Gurnsey, Rock County Attorney, 214 Clark Street, P.O. Box 425, Bassett, Nebraska, 68714.
1. If water is being sprinkled on a road from a center-pivot irrigation system, should a complaint be filed pursuant to section 46-266, R.R.S. 1943, or section 39-703, R.R.S. 1943?
2. If section 39-703, R.R.S. 1943, is the proper section to apply, does one file the complaint and require the defendant to provide the affirmative defense of a mechanical failure in the shutoff system, or is it necessary to determine that this is not the case prior to filing the complaint?
1. The complaint should be filed pursuant to section39-703, R.R.S. 1943.
2. File the complaint and the defendant should provide the affirmative defense of a mechanical failure in the shutoff system.
Section 39-703, R.R.S. 1943, provides for the situation where a sprinkler irrigation system is causing water to be sprinkled on a road since it states that it is a violation of the statute `. . . [B]y allowing water to accumulate on the roadway or traveled portion of the road, . . .' and also provides an exception to the statute where it states:
 ". . . Provided this statute shall not apply . . . when damage has been caused by a mechanical malfunction of any irrigation equipment, when a sprinkler irrigation system had been set so that under normal weather conditions no water would have been placed upon the right-of-way of any road. . .'
Section 46-266, R.R.S. 1943, is a general statute dealing with irrigation waters and makes no mention of sprinkler irrigation and does not provide for an exception for a mechanical malfunction. Special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. See, Kibbon v. School Dist. of Omaha,196 Neb. 293, 242 N.W.2d 634 (1976). Therefore, the complaint should be filed under section 39-703, R.R.S. 1943.
In answer to your second question, it is the opinion of this office that the complaint should be filed and the defendant should provide the affirmative defense of a mechanical failure, since the burden of proof is on one claiming the benefit of the proviso. See, Johnson v. School Dist.of Wakefield, 181 Neb. 372, 148 N.W.2d 592 (1967).