WILLIAM ROELFS ET AL., APPELLEES, v. LOREN SPECHT ET AL., APPELLANTS.

279 N. W. 2d 124

Filed May 15, 1979. No. 42290.

James B. Gessford of Perry, Perry, Witthoff & Guthery, for appellants.

Robert F. Lammers, for appellees.

Heard before KRIVOSHA, C. J., McCOWN, and WHITE, JJ., and RONIN and HAMILTON, District Judges.

RONIN, District Judge.

This is an action brought by appellees to transfer real estate owned by them from School District No. 103, a Class II district of Jefferson County, Nebraska, hereinafter referred to as the Diller District, to School District No. 8, a Class III district of Jefferson County, Nebraska, hereinafter referred to as the Fairbury District. Appellees filed their original freeholders' petition on February 9, 1978, under the provisions of section 79-403 (1), R. R. S. 1943. Appellees also own 40 acres of real estate which was already in the Fairbury District and adjoined the real estate which they sought to be transferred.

A hearing was held on February 27, 1978, on appellees' original petition before the freeholders board, which consisted of the county superintendent of schools, county clerk, and county treasurer of Jefferson County. The board granted the petition and directed that the subject real estate of appellees be transferred to the Fairbury District.

The appellants are taxpayers of the Diller District and appealed the action of the freeholders board to the District Court for Jefferson County. On July 27, 1978, after trial, the District Court affirmed the action of the board. We affirm the judgment of the District Court.

Section 79-403 (1), R. R. S. 1943, states the necessary requirements which must be met before a freeholder may be allowed to transfer real property

from one school district to another. The record in this case is not disputed that the appellees have fully complied with the following statutory requirements: (1) That appellees are the owners of the subject real estate in the Diller District which they seek to transfer to the Fairbury District; (2) that the Diller District adjoins the Fairbury District; and (3) that Lorie Roelfs is the 17-year-old daughter of the appellees, Harold and Norma Roelfs, and has resided with her parents on the subject real estate for more than 40 days prior to the filing of the petition.

In Klecan v. Schmal, 196 Neb. 100, 241 N. W. 2d 529 (1976), our court held that, in addition to other requirements, the statutory language of section 79-403 (1) (d), R. R. S. 1943, that the board may attach land to an adjoining district "whenever they deem it just and proper and for the best interest of the * * * petitioners so to do," meant that the transfer would be in the best educative interest of the student for whom the benefit of transferring was being considered. The parties have stipulated in the record in this case that it was in the best educative interest for Lorie to attend high school in the Fairbury District.

The only issue in dispute, which was tried in the District Court, is whether the school bus route of the Fairbury District is at least ½ mile closer to the lane to Lorie Roelfs' home than the Diller District school bus route as required under section 79-403 (1) (d), R. R. S. 1943, which, as relative to this issue, provides that the petitioners must establish they are either: "* * * each more than two miles from the schoolhouse in their own district, *and at least one half mile nearer to the schoolhouse or a school bus route of the adjoining district, which distance shall be measured by the shortest route possible upon section lines or traveled roads open to the public* or that the route to the schoolhouse in the adjoining district is more practicable and, * * * the distance to the schoolhouse in the adjoining district does not exceed

the distance to the schoolhouse in their own district by more than six miles * * *.'' (Emphasis supplied.)

In Rebman v. School Dist. No. 1, 178 Neb. 313, 133 N. W. 2d 384 (1965), our court held that the petitioners had the burden to prove this essential distance requirement by the preponderance of the evidence, even though all the other requirements of section 79-403, (1), R. R. S. 1943, had been met.

The undisputed evidence in this case is that the petitioners reside 6 miles from the Diller school and 9 miles from the Fairbury school. The evidence is also undisputed that the Fairbury school bus route has, for several years, run directly by the lane to Lorie Roelfs' home, and that she has ridden the Fairbury school bus during her junior high school year of 1977-1978. The evidence discloses the Diller school bus route went by the same Roelfs' lane until Lorie stopped riding that bus during the latter part of her sophomore school year. While the evidence is conflicting, the weight of the evidence is that some time after Lorie ceased to ride the Diller bus, its regular route was altered to stop 140 feet over ½ mile south of the center of the Roelfs' lane, in accordance with the testimony of Layton Hein, a licensed surveyor, who measured the distance. There was evidence that on some occasions the Diller school bus would go past the Roelfs' lane, but the preponderance of the evidence is that its regular route was just over ½ mile from the Roelfs' lane. The court finds from the evidence that throughout the school year of 1977-1978, and at the time of the filing of the original petition, the appellees were more than ½ mile closer to the school bus route of the Fairbury District than the school bus route of the Diller District, within the meaning of section 79-403 (1) (d), R. R. S. 1943, and that the appellees have complied with the only disputed statutory requirement.

The record in this case supports the finding of the District Court that the appellees maintained their burden of proof and met the requirements of section 79-403 (1), R. R. S. 1943, and that the action of the freeholders board transferring the subject real estate from the Diller District to the Fairbury District should be affirmed.

AFFIRMED.